[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED

U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
December 8, 2004
THOMAS  K. KAHN
CLERK

_____

No. 03-16585

_____

D. C. Docket No. 02-00828-CV-ORL-31KRS

PAULINE KOZIARA,

Plaintiff-Appellant,

versus

CITY OF CASSELBERRY,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(December 8, 2004)**

Before BLACK, RONEY and ALARCÓN[*], Circuit Judges.

_____

[*]  Honorable Arthur L. Alarcón, United States Circuit Judge for the Ninth Circuit, sitting
by designation.

BLACK, Circuit Judge:

Rachel's Gentlemen's Club (Rachel's), a strip club in Casselberry, Florida, employed Appellant Pauline Koziara as an erotic dancer. The City of Casselberry, Appellee, revoked Rachel's adult entertainment license. Koziara challenged the constitutionality of Casselberry's applicable city code, seeking declaratory and injunctive relief. The district court held Koziara lacked standing to bring such a suit. We affirm.

## I. BACKGROUND

Beginning in 1998, Koziara worked as an erotic dancer at Rachel's. On January 31, 2001, the City of Casselberry, pursuant to its city code, revoked Rachel's adult entertainment license.

Koziara sued the City in federal district court over its revocation of Rachel's license.[1] Specifically, she sought a declaratory judgment holding Casselberry City Code, §§ 14-92 and 14-93, unconstitutional under the First, Fifth, and Fourteenth Amendments to the United States Constitution. She also sought a permanent

---

[1] Koziara originally was joined in her suit by Seminole Entertainment, Inc., a Florida corporation doing business as Rachel's Gentlemen's Club in Casselberry, Florida. In a ruling separate from the order appealed here, the district court granted summary judgment in favor of the City of Casselberry regarding Seminole Entertainment's claims.

injunction prohibiting the City of Casselberry from enforcing its adult entertainment code against Rachel's and other similarly situated establishments. Koziara did not seek money damages.

Approximately two years after the initial revocation, and while this suit was pending, the City granted Rachel's a new adult entertainment license, and Koziara resumed her employment there. During the intervening two years, without missing a day of employment due to the revocation, Koziara worked as an erotic dancer at a different Rachel's club in Orlando, Florida.

Koziara and the City of Casselberry filed cross motions for summary judgment. The district court determined Koziara lacked standing, and granted summary judgment in favor of the City of Casselberry. Koziara appeals.

## II. STANDARD OF REVIEW

This Court reviews the grant of summary judgment de novo. *Nat'l Fire Ins. Co. of Hartford v. Fortune Constr. Co.*, 320 F.3d 1260, 1267 (11th Cir. 2003).

## III. DISCUSSION

A plaintiff seeking to invoke a federal court's jurisdiction bears the burden of establishing standing. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561, 112 S. Ct. 2130, 2136 (1992). "In essence the question of standing is whether the litigant is entitled to have the court decide the merits of the dispute or of particular

issues." *Warth v. Seldin*, 422 U.S. 490, 498, 95 S. Ct. 2197, 2205 (1975). If a plaintiff lacks standing, the "case" or "controversy" requirement of Article III, § 2 of the U.S. Constitution is not satisfied, and the case must be dismissed.

Standing has three constitutional elements. A plaintiff seeking to invoke a federal court's jurisdiction must show:

> (1) it has suffered an "injury in fact" that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) the injury is fairly traceable to the challenged action of the defendant; and (3) it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision.

*Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167, 180–81, 120 S. Ct. 693, 704 (2000); *accord Bennett v. Spear*, 520 U.S. 154, 167, 117 S. Ct. 1154, 1163 (1997); *Lujan*, 504 U.S. at 560–61, 112 S. Ct. at 2136. All three elements are an "irreducible constitutional minimum," and failure to show any one results in a failure to show standing. *Lujan*, 504 U.S. at 560, 112 S. Ct. at 2136.

An injury in fact cannot be an abstract injury. *City of Los Angeles v. Lyons*, 461 U.S. 95, 101, 103 S. Ct. 1660, 1665 (1983); *see also ASARCO, Inc. v. Kadish*, 490 U.S. 605, 616, 109 S. Ct. 2037, 2045(1989) ("[C]laims of injury that are purely abstract . . . do not provide the kind of particular, direct, and concrete injury that is necessary to confer standing to sue in the federal courts."). A plaintiff must

4

point to some type of cognizable harm, whether such harm is physical, economic, reputational, contractual, or even aesthetic. *See, e.g.*, *Tennessee Elec. Power Co. v. Tennessee Valley Auth.*, 306 U.S. 118, 137–38, 59 S. Ct. 366, 369 (1939) (standing is unavailable "unless the right invaded is a legal right, -- one of property, one arising out of a contract, one protected against tortious invasion, or one founded on a statute which confers a privilege"); *Lujan*, 504 U.S. at 562, 112 S. Ct. at 2137 ("[T]he desire to use or observe an animal species, even for purely esthetic purposes, is undeniably a cognizable interest for purpose of standing.").

"But the injury in fact test requires more than an injury to a cognizable interest. It requires that the party seeking review be himself among the injured." *Lujan*, 504 U.S. at 563, 112 S. Ct. at 2137. The plaintiff must be "directly" affected apart from her "special interest in the subject." *Id*. at 563, 112 S. Ct. at 2138. To be particularized, "we mean that the injury must affect the plaintiff in a personal and individual way." *Id*. at 561, 112 S. Ct. at 2136 n.1. If the plaintiff is merely a "concerned bystander," then an injury in fact has not occurred. *See Valley Forge Christian College v. Americans United for Separation of Church & State*, 454 U.S. 464, 473, 102 S. Ct. 752, 759 (1982) ("The federal courts have

abjured appeals to their authority which would convert the judicial process into 'no more than a vehicle for the vindication of the value interests of concerned bystanders.'") (citation omitted).

Moreover, a plaintiff seeking only injunctive or declaratory relief must prove not only an injury, but also "a 'real and immediate threat' of future injury in order to satisfy the 'injury in fact' requirement." *Nat'l Parks Conservation Ass'n v. Norton*, 324 F.3d 1229, 1241 (11th Cir. 2003) (citations omitted); *Lyons*, 461 U.S. at 111, 103 S. Ct. at 1670 (explaining "[a]bsent a sufficient likelihood that he will again be wronged in a similar way, Lyons is no more entitled to an injunction than any other citizen of Los Angeles"); *see also Focus on the Family v. Pinellas Suncoast Transit Auth.*, 344 F.3d 1263, 1274 (11th Cir. 2003) (to establish Article III standing to seek prospective injunctive or declaratory relief, the "Supreme Court has held that where a plaintiff seeks these types of prospective relief, it must demonstrate a 'real and immediate threat' of future injury to satisfy the 'injury in fact' requirement") (citations omitted). For a plaintiff seeking prospective relief to have standing, he "must show a sufficient likelihood that he will be affected by the allegedly unlawful conduct in the future." *Johnson v. Bd. of Regents*, 263, F.3d 1234, 1265 (11th Cir. 2001); *see also Lyons*, 461 U.S. at 105, 103 S. Ct. at 1667 ("That Lyons may have been illegally choked by the police on October 6, 1976,

while presumably affording Lyons standing to claim damages against the individual officers and perhaps against the City, does nothing to establish a real and immediate threat that he would again be stopped for a traffic violation, or for any other offense, by an officer or officers who would illegally choke him into unconsciousness without any provocation or resistance on his part.").

Koziara has not demonstrated an injury for standing purposes. The City's enforcement of its ordinances did not affect the First Amendment rights of Koziara: it was Rachel's license that was revoked and it was Rachel's business activities that were shut down. Koziara, on the other hand, was free at all times to pursue her chosen career at another location in Casselberry or elsewhere, which she in fact did. From the day Rachel's license was revoked until the day Rachel's received a new license, Koziara exercised her First Amendment rights at a Rachel's club in Orlando. Here, Koziara was only a "concerned bystander" because she suffered no particularized injury.

Furthermore, Koziara seeks only declaratory and injunctive relief. As such, she is concerned with future harm, not past harm. She must therefore show a real and immediate threat of future injury. Even if Koziara had suffered an injury by virtue of the prior revocation of Rachel's license, she has not claimed, much less proven, another revocation is imminent. Lacking such a showing of real and

7

immediate threat of future injury, Koziara fails to satisfy the injury in fact requirement.

With no showing of injury in fact, much less a showing of real and immediate threat of future injury, we hold Koziara lacks standing to bring suit against the City of Casselberry. Accordingly, we do not reach the merits of her arguments regarding the City of Casselberry's revocation of the adult entertainment license held by Rachel's.[2]

## IV. CONCLUSION

Koziara does not meet the constitutional requirements for standing under Article III. Summary judgment in favor of the City of Casselberry is

AFFIRMED.

---

[2] Our decision is based on a somewhat different analysis than that of the district court. However, we may affirm the district court's judgment on any grounds supported in the record. *Lucas v. W.W. Grainger, Inc.*, 257 F.3d 1249, 1256 (11th Cir. 2001) (citing *Jaffke v. Dunham*, 352 U.S. 280, 281, 77 S. Ct. 307, 308 (1957)). The district court did consider the merits regarding prompt judicial determination of the validity of licensing decisions. Since we find Koziara lacks standing, we do not address this issue.