**Kathryn BARRY and Thomas Leslie, Plaintiffs,**

v.

**CARNIVAL CORPORATION, a Panamanian corporation d/b/a "Carnival Cruise Line" or Carnival, Defendant.**

**No. 05–22551–CIV.**

United States District Court, S.D. Florida.

March 29, 2006.

---

5. The Court notes that the sentence imposed equates with a five (5) level increase above the advisory guidelines.

Michael Duke Eriksen, Esq., Romano Eriksen & Cronin, West Palm Beach, FL, for Plaintiffs.

Curtis Jay Mase, Esq., Sheena Thakrar, Esq., Mase & Lara, PA, Miami, FL, for Defendant.

## *ORDER*

K. MICHAEL MOORE, District Judge.

THIS CAUSE came before the Court upon Defendant's Motion to Dismiss the Plaintiffs' Amended Complaint for Declaratory and Injunctive Relief and Alternative Motions to Strike Plaintiff Leslie and Strike Paragraphs 10–30 (DE # 27).

UPON CONSIDERATION of the motion and being otherwise fully advised in the premises, the Court enters the following Order.

### I. Background

This is an action for declaratory relief pursuant to 28 U.S.C. § 2201 and for injunctive relief pursuant to Fed.R.Civ.P. 57. The Plaintiffs, Kathryn Barry and Thomas Leslie (collectively, "Plaintiffs") seek a declaration from this Court holding Defendant Carnival Corporation's ("Carnival" or "Defendant") forum selection clause, which is on all of Carnival's ticket contracts, invalid.

The Plaintiffs were passengers on a Carnival cruise when they were injured in separate maritime incidents. The nature of these injuries, for the purposes of this order, is irrelevant. Each Plaintiff filed separate negligence lawsuits and demands for jury trial against Carnival in the state Circuit Court in and for Dade County, Florida. Plaintiffs also filed their individual personal injury lawsuits in this Court. *See Barry v. Carnival Corp.,* Case No: 05–CV–22549; *Leslie v. Carnival Corp.,* Case No: 05–CV–22550. Carnival moved to dismiss each of the state court actions

for lack of subject matter jurisdiction based on a forum selection clause on the Plaintiffs' tickets. This clause reads:

It is agreed by and between the Guest and Carnival that all disputes and matters arising under, in connection with, or incident to this Contract or the Guest's cruise, including travel to and from the vessel, shall be litigated, if at all, before the United States District Court for the Southern District of Florida in Miami, or as to those lawsuits to which the Federal Courts of the United States lack subject matter jurisdiction, before a court located in Miami–Dade County, Florida, U.S.A. to the exclusion of the Courts of any other county, state, or country.

Carnival also moved to dismiss the action at bar, arguing that the Plaintiffs have failed to establish standing, and the forum selection clause is enforceable in any event. Furthermore, and alternatively, the Defendant seeks to strike a portion of Plaintiffs' Amended Complaint as irrelevant, and seeks dismissal of one of the Plaintiffs (Mr. Leslie).

## II. Standard of Review

A motion to dismiss for failure to state a claim merely tests the sufficiency of the complaint; it does not decide the merits of the case. *Milburn v. United States*, 734 F.2d 762, 765 (11th Cir.1984). On a motion to dismiss, the Court must construe the complaint in the light most favorable to the plaintiff and accept the factual allegations as true. *SEC v. ESM Group, Inc.*, 835 F.2d 270, 272 (11th Cir.1988). Further, the Court should not grant a motion to dismiss "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957) (citations omitted); *South Fla. Water Mgmt. Dist. v. Montalvo*, 84 F.3d 402, 406 (11th Cir.1996). Specifically, "[i]t is a well-

settled principle of law that a complaint should not be dismissed merely because a plaintiff's allegations do not support the particular legal theory he advances, for the court is under a duty to examine the complaint to determine if the allegations provide for relief on *any* possible theory." *Bowers v. Hardwick*, 478 U.S. 186, 201–02, 106 S.Ct. 2841, 92 L.Ed.2d 140 (1986) (Blackmun, J., dissenting) (quotations omitted); *see Brooks v. Blue Cross & Blue Shield of Fla., Inc.*, 116 F.3d 1364, 1369 (11th Cir.1997). Nonetheless, to withstand a motion to dismiss, it is axiomatic that the complaint must allege facts sufficiently setting forth the essential elements of a cause of action.

## III. Discussion

 Defendant's primary contention in its motion to dismiss is that the Plaintiffs lack standing to pursue this declaratory action. "A plaintiff seeking to invoke a federal court's jurisdiction bears the burden of establishing standing." *Koziara v. City of Casselberry*, 392 F.3d 1302, 1305 (11th Cir.2004) (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992)). In order to establish standing, the plaintiff must show: (1) it has suffered an "injury in fact" that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) the injury is fairly traceable to the challenged action of the defendant; and (3) it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision. *Id.* (citing *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167, 180–81, 120 S.Ct. 693, 145 L.Ed.2d 610 (2000)). In an action for a declaratory judgment, a plaintiff "must prove not only an injury, but also "a 'real and immediate threat' of future injury in order to satisfy the 'injury in fact' requirement."" *Ko-*

*ziara v. City of Casselberry*, 392 F.3d 1302, 1305 (11th Cir.2004). Furthermore, "[a]bsent a redressable injury a judicial determination of plaintiff's claim would amount to an advisory opinion prohibited by Article III's case and controversy requirement." *Glen v. Club Mediterranee, S.A.*, 365 F.Supp.2d 1263, 1272 (S.D.Fla.2005) (citing *Church v. City of Huntsville*, 30 F.3d 1332, 1335 (11th Cir.1994)). "While the Declaratory Judgment Act confers upon a court the power to "declare the rights and other legal remedies of any interested party seeking such declaration, whether or not further relief is or could be sought, 28 U.S.C. § 2201, it does not authorize this Court to issue an advisory opinion regarding a defendant's alleged violation of a federal statute." " *Id.* at 1272–73.

In *Bowen v. First Family Financial Services, Inc.*, the plaintiffs filed a class action against First Family Financial Services, Inc., claiming that requiring customers to sign arbitration agreements before obtaining a loan violates the Equal Credit Opportunity Act. *See Bowen v. First Family Financial Services, Inc.*, 233 F.3d 1331, 1333 (11th Cir.2000). The Court of Appeals held that while the plaintiffs had standing to challenge the legality of First Family's requirement that customers sign arbitration agreements as a condition of credit, the plaintiffs lacked standing to challenge whether the arbitration agreement is enforceable "because there has been no attempt to enforce the agreement against them, and they have not established that there is a substantial likelihood that it will be enforced against them in the future." *Id.* at 1334. Similarly, in *Highsmith v. Chrysler Credit Corp.*, the Court of Appeals for the Seventh Circuit held that a lessee who gave no indication of his intent to terminate his lease lacked standing to seek a declaratory judgment that the early termination provision in the lease violated Illinois law. 18 F.3d 434, 437 (7th Cir.1994) ("He has not terminated his lease; therefore, the early termination clause has not been applied to him and he has suffered no harm from it").

■ The case at bar is no different. Here, the Plaintiffs have filed their personal injury lawsuits in federal court, seeking relief identical to that sought in the state cases. Thus, the Plaintiffs have not violated the forum selection clause and will, at the very least, be entitled to a trial by a court of competent jurisdiction. Furthermore, as the Defendant points out, the Plaintiffs cannot "demonstrate any legally cognizable harm resulting from the fact that they complied" with the forum selection clause. Motion to Dismiss Plaintiffs' Amended Complaint at 12. According to the Plaintiffs, they are harmed by being required to file these lawsuits in federal court, and therefore being stripped of their right to a jury trial. *See* Amended Complaint at ¶ 25 ("those passengers whose claims satisfy the citizenship and "amount in controversy" requirements of diversity jurisdiction can file and maintain a common law suit with right of jury trial on the law side of this federal district court. The remainder are relegated to its admiralty-side, where there are no jury trial"). In their Amended Complaint, the Plaintiffs argue: "If Defendant Carnival's latest clause is enforced in Plaintiffs' state court actions, Plaintiffs, who lack diversity of citizenship with Carnival, will thus be relegated to this Court's admiralty side. Plaintiffs are therefore now under a *direct and imminent threat* of losing their entire common law remedies and concomitant rights to jury trial *unless* Carnival's clause is declared to be unlawful and/or void and unenforceable." Amended

Compl. at ¶32 (emphasis in original).[1] This is simply not sufficient to allege an injury, even at this stage. As an initial matter, their negligence claims are pending in federal court. While the Plaintiffs' could arguably allege an injury if they had not filed lawsuits in federal court, and the state court dismissed their actions, that is not the case here. As of the date of this Order, the state law claims have not been dismissed. In the event the state court denies Defendant's motions to dismiss Plaintiff's negligence claims, a ruling by this Court finding the forum selection clause unenforceable would merely be advisory. Moreover, and perhaps even more importantly, Federal Rule of Civil Procedure 39(c) authorizes trial by jury in an admiralty case at the consent of the parties, even if there is no right to a jury trial in the first instance. The Defendant has not indicated that it would withhold consent, so even if the inability of the non-diverse Plaintiff to present her case before a jury were considered an "injury," such a denial has not yet occurred. If all parties consent to a jury trial, then the entire basis for Plaintiffs' injuries vanishes. Plaintiffs' injury is neither actual nor imminent. Furthermore, the Court finds that it is not concrete or particularized. Accordingly, the Court finds that the Plaintiffs lack standing to pursue this action at this time.

## IV. Conclusion

Based on the foregoing, it is

ORDERED AND ADJUDGED that Defendant's Motion to Dismiss the Plaintiffs' Amended Complaint for Declaratory and Injunctive Relief and Alternative Motions to Strike Plaintiff Leslie and Strike Paragraphs 10–30 is GRANTED IN PART. Plaintiffs' Amended Complaint for Declaratory and Injunctive Relief is hereby DISMISSED with prejudice. Defendant's Alternative Motions to Strike Plaintiff Leslie and Strike Paragraphs 10–30 are DENIED AS MOOT.

1. In their opposition to Defendant's Motion to Dismiss, Plaintiffs rephrase their injury as follows: "In the present case, Mrs. Barry and Mr. Leslie have already suffered physical injuries, have filed maritime common law claims and jury demands against Carnival in state circuit court in Dade County pursuant to the Saving to Suitors provisions of 28 U.S.C. § 1333(1); and Carnival has already moved to dismiss each of those claims for alleged lack of subject matter jurisdiction based on its latest federal forum selection clause." *See* Plaintiffs' Memorandum in Opposition to Carnival's Alternative Motions to Dismiss the Amended Complaint, at 6. Any physical injuries suffered by the Plaintiffs might provide standing for their negligence lawsuits against Carnival, but do not provide the requisite injury for the purposes of this declaratory judgment action.