Yahweh Ben YAHWEH, Plaintiff,

v.

UNITED STATES PAROLE
COMMISSION,
Defendant.

Nos. 01 2848 CIV, 01 2848 CIV.

United States District Court,
S.D. Florida.

April 25, 2006.

Steven M. Potolsky, Esq., Jayne C. Weintraub, Esq., Miami, FL, for Plaintiff.

Marlene Rodriguez, Assistant United States Attorney, Miami, FL, for Defendant.

## ORDER REJECTING MAGISTRATE'S REPORT AND RECOMMENDATION

K. MICHAEL MOORE, District Judge.

THIS CAUSE came before the Court upon Plaintiff's Emergency Complaint for Declaratory Judgment and/or Similar Relief (DE # 30) and Plaintiff's Emergency Motion for Preliminary Injunction (DE # 31).

THE MATTERS were referred to the Honorable Barry L. Garber, United States Magistrate Judge, pursuant to 28 U.S.C. § 636 (DE # 33). A Report and Recommendation was entered in which Magistrate Judge Garber recommended that Plaintiff's Emergency Complaint for Declaratory Judgment and/or Similar Relief (DE # 30) and Plaintiff's Emergency Motion for Preliminary Injunction (DE # 31) be granted (DE # 37). Defendant objected to Magistrate Judge Garber's Report and Recommendation (DE # 38).

### I. Statement of Facts

Plaintiff Yahweh Ben Yahweh ("Yahweh" or "Plaintiff") is currently on mandatory release (referred to as "parole" by Defendant's Objections to the Magistrate Judge's Report and Recommendation) from an eighteen (18) year prison sentence. See Def. Obj. to the Mag. Judge's Rep. & Recom. ("Def. Obj. to R & R") at 3. Plaintiff is a seventy (70) year old male and was convicted by a federal jury of conspiracy to engage in a pattern of racketeering activity and racketeering (including the predicate acts of homicide, attempted homicide, and arson). Id.; see also Mag. Judge Garber's Rep. & Recom. ("Mag. R & R") at 1. Plaintiff's sentence expires May 9, 2008. See Def. Obj. to R & R at 4.

Plaintiff is under the control and supervision of Defendant the United States Parole Commission ("U.S.P.C." or "Defendant") until May 9, 2008. See id., Ex. A. at 2. As this crime occurred prior to the federal sentencing guidelines, the U.S.P.C. retains jurisdiction over parolees until it ceases to exist which will occur, at the

earliest, in late 2008. *See* United States Parole Commission Extension and Sentencing Commission Authority Act of 2005, Pub.L. No. 109–76, § 2, 119 Stat.2035. Thus, the U.S.P.C. will retain jurisdiction over Plaintiff for the remainder of his sentence. *See id.; see also* Def. Obj. to R & R at 4.

In an evidentiary ruling during the original criminal case against Plaintiff and his codefendants, Chief Judge Roettger stated that the matter was "arguably the most violent case ever tried in a federal court: the indictment charges the sixteen defendants on trial with 14 murders by means such as beheading, stabbing, occasionally by pistol shots, plus severing of body parts such as ears to prove the worthiness of the killer." *United States v. Yahweh,* 792 F.Supp. 104, 105 (S.D.Fla.1992) ("*Yahweh I*"). Plaintiff was sentenced on September 4, 1992. *See* Def. Obj. to R & R, Ex. A. Since his release from incarceration on September 25, 2001, he has been in the custody of the U.S.P.C. *See id.,* Ex. C.

Plaintiff's parole carried with it special conditions, including a restriction on association with members of the Nation of Yahweh a.k.a. Black Hebrew group, that was the subject of prior litigation before the Court. *See Yahweh v. United States Parole Comm'n,* 158 F.Supp.2d 1332, 1335 (S.D.Fla.2001) ("*Yahweh II*"). Due to Plaintiff's activities while on parole, which his Case Analyst, Lynne Jackson, labeled as "questionable," he was required to keep a daily activity log and mail these each week. *See* Def. Obj. to R & R, Ex. E. The U.S.P.C. has documented numerous inconsistencies between his activity logs and his actual whereabouts. *See id.* Further, Plaintiff has admittedly failed to answer his cellular telephone and answer his door when U.S. Probation officers have attempted to contact him. *See id.*

Due to repeated non-compliance with the terms of Plaintiff's parole and the U.S.P.C.'s determination that Plaintiff violated his parole by submitting incomplete and untruthful information to his probation officer, Probation Officer Viviana Bibliowicz contacted the U.S.P.C., requesting action. *See id.* at 9. The U.S.P.C. found no excuse for Plaintiff's untruthful submissions and followed Probation Officer's Bibliowicz's recommendation that Plaintiff participate in the Home Confinement Program with electronic monitoring for a period of 120 days. *See id.,* Ex. G. Plaintiff was further ordered to maintain a telephone at his home without call forwarding, call waiting, call back/call block, a modem or a portable cordless telephone. *Id.* Plaintiff objected to this determination and claimed to be in "complete and total compliance with each and every condition of parole." *Id.,* Ex. F. Despite Plaintiff's objection, U.S.P.C. decided to impose the new restrictions. *See id.* Plaintiff has since filed these relevant motions and proffered the testimony of Dr. Wynne Steinsnyder who has stated, *inter alia,* that Plaintiff has terminal cancer, that a reduction in Plaintiff's stress level "would improve his immune responses," and that home confinement would add further stress to Plaintiff Pl. Mot. for Dec. Judgment and/or Similar Relief at 4.

## II. Plaintiff's Complaint Seeking a Declaratory Judgment or Other Relief (DE # 30)

### 1. Legal Standard

■ The Court's jurisdiction over this issue is limited and its standard of review of Defendant's decision is to examine it for abuse of discretion. *See* 18 U.S.C. §§ 4210, 4218(d) (2000); *see also White-head v. United States Parole Comm'n,* 755

F.2d 1536, 1537 (11th Cir.1985). Plaintiff seeks a declaratory judgment and/or other relief from Defendant's decision to place Plaintiff on the Home Detention Electronic Monitoring Program for up to one hundred twenty (120) days.

In an action for a declaratory judgment, a plaintiff "must prove not only an injury, but also a 'real and immediate threat' of future injury in order to satisfy the 'injury in fact' requirement." *Koziara v. City of Casselberry*, 392 F.3d 1302, 1305 (11th Cir.2004). Further, "[a]bsent a redressable injury a judicial determination of plaintiff's claim would amount to an advisory opinion prohibited by Article III's case and controversy requirement." *Glen v. Club Mediterranee, S.A.*, 365 F.Supp.2d 1263, 1272 (S.D.Fla.2005) (citing *Church v. City of Huntsville*, 30 F.3d 1332, 1335 (11th Cir.1994)). While the Declaratory Judgment Act confers upon a court the power to "declare the rights and other legal remedies of any interested party seeking such declaration, whether or not further relief is or could be sought, 28 U.S.C. § 2201, it does not authorize this Court to issue an advisory opinion regarding a defendant's alleged violation of a federal statute." *Id.* at 1272–73. As Plaintiff's claim and expert medical testimony meet these threshold requirements, the Court will determine if the merits of the claim warrant a declaratory judgment stating that the U.S.P.C. abused its discretion or that Plaintiff deserves any other available relief.

### 2. Analysis

The Court holds the "ultimate responsibility" of imposing a sentence.

*United States v. Nash*, 438 F.3d 1302, 1305 (11th Cir.2006) (citing *United States v. Bernardine*, 237 F.3d 1279, 1283 (11th Cir. 2001)). A probation officer [1] is an "arm of the court" that is "statutorily mandated to perform any ... duty that the court may designate." *Bernardine*, 237 F.3d at 1283 (quoting 18 U.S.C. § 3603(10) (2000)) (internal citations omitted). The Eleventh Circuit, in *Nash*, also adopted language from a recent Ninth Circuit case which stated that "where the court makes the determination of *whether* a defendant must abide by a condition, ... it is permissible to delegate to the probation officer the details of *where and when* the condition will be satisfied." *Nash*, 438 F.3d at 1305 (quoting *United States v. Stephens*, 424 F.3d 876, 880 (9th Cir.2005)) (second emphasis added).

Here, a federal jury found Plaintiff guilty and Chief Judge Roettger imposed a sentence of eighteen years. Upon release from incarceration, Defendant took custody of Plaintiff. This Court imposed special conditions on Yahweh's parole (including restrictions on his interactions with his co-conspirators and members of his religious group), which were the subject of previous litigation before this Court, and directed Defendant to enforce these conditions. *Yahweh II*, 158 F.Supp.2d at 1332–53. Defendant's agent, Probation Officer Bibliowicz, has a thoroughly documented record of Plaintiff's non-compliance with his parole requirements and has, accordingly, acted to enforce them.

Plaintiff has set forth unconvincing excuses for his failures and prefers to spend both the U.S. government's and his own

---

1. The Court takes judicial notice that, for the purposes of these motions and as they relate to this matter only, the terms "probation" and "parole" may be used interchangeably when referring to a prisoner who has left incarceration and remains in federal custody for the remainder of his or her sentence, and the officials who maintain such custody.

time, money, and resources procuring experts and filing motions rather than complying with his parole requirements. Plaintiff's proffer of the usage of a beeper in lieu of home confinement is wholly unsatisfactory as Plaintiff himself admits to not answering his cellular phone nor his door on multiple occasions. *See* Def. Obj. to R & R, Ex. E.

Plaintiff's legal arguments also fall flat. Plaintiff attempts to confuse the issue of *revocation* of parole with parole or supervised release *modification.* The cases cited in Plaintiff's Complaint deal exclusively with revocation proceedings, and most with state crimes (imputing Fourteenth Amendment analysis), while Yahweh was convicted of a federal crime (requiring a Fifth Amendment analysis). *See Morrissey v. Brewer,* 408 U.S. 471, 481, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972) (holding that the *revocation* "of parole is not a part of a criminal prosecution and thus the full panoply of rights due a defendant in such a proceeding does not apply to parole revocations"); *see also Benny v. United States Parole Comm'n,* 295 F.3d 977, 983–84 (9th Cir.2002) (holding that U.S.P.C. did not exceed its authority when holding parolee in custody for 31 days before granting hearing regarding parolee's parole revocation); *Collins v. Hendrickson,* 371 F.Supp.2d 1326, 1328 (M.D.Fla.2005) ("The parolee's due process rights are implemented when that liberty interest is subject to revocation.").

In fact, in *Benny,* the Ninth Circuit discarded another of Plaintiff's propositions, that Yahweh will be automatically released at the end of his initial five-year parole period. *See Benny,* 295 F.3d at 984–85. The court there took pains to differentiate between the parole expectations and due process rights created by a very few state statutes and the lack of such expectations and automatic terminations under the federal parole laws. *See id.* (construing 18 U.S.C. § 4211(c) (2000)). Thus, the assertion that "in approximately six months hence, parole supervision will be terminated by operation of law, unless the Commission were to find a likelihood that Plaintiff would violate the law," is erroneous and attempts to invite the Court to render an advisory opinion in contravention of the Constitution's "case or controversy" requirement. *See* U.S. Const. art. III, § 2, cl. 1 & 2.

■ The U.S.P.C. has made a logical modification to Plaintiff's parole in light of the Court's sentence imposed with special conditions. Plaintiff has repeatedly failed to fulfill his obligations. Probation Officer Bibliowicz made a recommendation based upon these failures and the U.S.P.C. decided to follow that recommendation. This decision was not an over-extension of the U.S.P.C.'s power nor was it an abuse of its discretion. It is not seeking to perform a judicial function, but is simply enforcing the Court's sentence.

Finally, the Court notes again that Plaintiff has been diagnosed with terminal cancer and is now receiving medical treatment. Further, the Court affords great weight to Dr. Steinsnyder's expert medical opinion that Yahweh's condition will be exacerbated by stress. The modification, however, is a reasonable one and ensures that the special parole conditions are satisfied. Plaintiff claims that he is not a risk to commit a crime, but the crime for which he was convicted and the special conditions imposed highlight that Plaintiff's danger to the community lies in his ability to influence others and form a conspiracy, for which his accountability to the U.S.P.C. is essential. For these reasons, the Court

sees no reason to issue a declaratory judgment in Plaintiff's favor nor to grant him any other type of legal or equitable relief.

### III. Plaintiff's Motion for a Preliminary Injunction (DE # 31)

██ Plaintiff also seeks a preliminary injunction against Defendant's proposed modification. For the Court to issue an injunction, Plaintiff must show that: (1) there is a substantial likelihood that he will ultimately prevail on the merits; (2) there is a substantial threat of irreparable harm to him if the injunction is not issued; (3) the threatened harm to him outweighs the threatened harm to the Parole Commission from issuance of the injunction; and (4) the granting of a preliminary injunction will serve the public interest. *See Panama City Med. Diagnostic, Ltd. v. Williams,* 13 F.3d 1541, 1545 (11th Cir. 1994). Here, as outlined above, the Court finds that there is not a substantial likelihood that Yahweh will ultimately prevail on the merits. Further, any threatened harm to Plaintiff does not outweigh the threatened harm the Parole Commission from issuance of the injunction, and the granting of a preliminary injunction will *not* serve the public interest.

Accordingly, after a *de novo* review of the record herein, for the reasons stated above, and being otherwise fully advised in the premises, it is

ORDERED AND ADJUDGED that United States Magistrate Judge Garber's Report and Recommendation (DE # 37) is REJECTED, that Plaintiff's Emergency Complaint for Declaratory Judgment and/or Similar Relief (DE # 30) is DENIED, and Plaintiff's Motion for Preliminary Injunction (DE # 33) is DENIED for the reasons stated above. As no other motions are pending, it is further

ORDERED AND ADJUDGED that this action is DISMISSED. The Clerk of Court is directed to CLOSE this case.