[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
NOV 22, 2010
JOHN LEY
CLERK

————————————————

No. 10-11878
Non-Argument Calendar

————————————————

D.C. Docket No. 1:09-cv-00058-WLS

CHARLIE SHEFFIELD,

Plaintiff-Appellant,

versus

UNITED PARCEL SERVICE, INC.,

Defendant-Appellee.

————————————————

Appeal from the United States District Court for the
Middle District of Georgia

————————————————

(November 22, 2010)

Before EDMONDSON, WILSON and MARTIN, Circuit Judges.

PER CURIAM:

Charlie Sheffield appeals the district court's dismissal of his age

discrimination suit brought pursuant to the Age Discrimination in Employment

Act ("ADEA"), 29 U.S.C. §§ 623(a)(1), (d), for failure to state a claim under Fed. R. Civ. P. 12(b)(6). On appeal, Sheffield argues the district court erred in finding that he could not use the single filing rule to excuse his failure to exhaust administrative remedies. Specifically, Sheffield contends that he was not required to attempt to intervene in a suit before invoking its Equal Employment Opportunity Commission ("EEOC") charge. He argues that the district court erred in finding that he was required to do so, and, consequently, the district court erred in dismissing his age discrimination suit. After a careful review of the record, we affirm the judgment of the district court.

*Background*

Sheffield filed a complaint against his former employer, United Parcel Service ("UPS"), alleging age discrimination and retaliation. Sheffield, who stated that he was "a member of a protected class due to his age," alleged that UPS terminated him on the basis of "his age and/or retaliation after voicing opposition to unlawful employment practices." Prior to bringing this cause of action, Sheffield did not file a charge of discrimination with the EEOC, so he did not allege that he personally exhausted his administrative remedies. Instead he alleged that he was relying on the single filing rule to bring his claim, and identified a timely charge of discrimination filed by fellow UPS employee Vicki Washington.

2

UPS moved to dismiss on the basis that Sheffield failed to file the required charge of discrimination with the EEOC, and that this failure was not excused because the single filing rule did not apply to him.

In response, Sheffield agreed he was unable to piggyback on the Washington charge because she filed her charge of discrimination at least 180 days after Sheffield was discharged. Sheffield alleged, however, that he could piggyback on John Newton's August 30, 2006, charge of discrimination because Newton's allegations were sufficient to put UPS on notice of other claims. He also argued he was not required to intervene into an existing lawsuit as long as he satisfied the requirements of the single filing rule set forth in *Calloway v. Partners National Health Plans*, 986 F.2d 446 (11th Cir. 1993).

The district court granted UPS's motion to dismiss, reasoning that Sheffield failed demonstrate that the single filing rule applied to his case. The court found the rule inapplicable because Sheffield never attempted to intervene in any of the lawsuits upon which he sought to piggyback. On appeal, Sheffield argues the district court committed reversible error in finding that moving to intervene, and being denied, was a prerequisite to Sheffield's ability to piggyback in his separate lawsuit. Because the charge upon which Sheffield attempted to piggyback did not arise within the same time frame as his claim, we affirm.

3

*Discussion*

"We review *de novo* the district court's grant of a motion to dismiss under [Rule] 12(b)(6) for failure to state a claim, accepting the allegations in the complaint as true and construing them in the light most favorable to the plaintiff." *Spain v. Brown & Williamson Tobacco Corp.*, 363 F.3d 1183, 1187 (11th Cir. 2004) (citation and quotation omitted). When a district court bases its Rule 12(b)(6) dismissal solely on the plaintiff's pleading, it is not required to convert the motion to dismiss to one seeking summary judgment under Rule 56. *See Harper v. Lawrence County, Ala.*, 592 F.3d 1227, 1232 (11th Cir. 2010).

To withstand a motion to dismiss for failure to state a claim, a plaintiff must plead enough facts to state a claim for relief that is plausible on its face. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 1974 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citation omitted). In evaluating the sufficiency of a plaintiff's pleadings we "make reasonable inferences" in the plaintiff's favor, but the court is not required to accept the plaintiff's legal conclusions. *Sinaltrainal v. Coca-Cola Co.*, 578 F.3d 1252, 1260 (11th Cir. 2009) (citations omitted). We may affirm the district court on any

4

ground supported by the record.  *Koziara v. City of Casselberry*, 392 F.3d 1302, 1306 n.2 (11th Cir. 2004) (citations omitted).

The ADEA protects individuals who are at least 40 years of age from age discrimination in employment.  29 U.S.C. § 631(a).  It is firmly established that, in order to bring an action for age discrimination or retaliation under the ADEA, a plaintiff must first file a timely charge of discrimination with the EEOC or appropriate state or local agency.  29 U.S.C. § 626(d); *see also Bost v. Fed. Express Corp.*, 372 F.3d 1233, 1238 (11th Cir. 2004) ("The ADEA requires that an individual exhaust available administrative remedies by filing a charge of unlawful discrimination with the EEOC before filing a lawsuit.").  If a party fails to comply with the charge-filing requirement, he cannot assert a claim in court. *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 109, 122 S. Ct. 2061, 2070 (2002) ("A claim is time barred if it is not filed within [the 180- or 300- day] time limits.").[1]

The "single filing rule," sometimes referred to as the "piggybacking rule," provides a limited exception to the ADEA's charge-filing requirement.  The rule provides that, in some circumstances, a plaintiff who did not file a timely charge

---

[1]Although "filing a timely charge of discrimination with the EEOC is not a jurisdictional prerequisite to suit in federal court," it is a statutory requirement. *Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 393, 398, 102 S. Ct. 1127, 1132, 1135 (1982).

of discrimination with the EEOC may "piggyback" onto a timely charge filed by another individual. *Calloway*, 986 F.2d at 449-50. To qualify for this exception a plaintiff must show that "(1) the relied upon charge is not invalid, and (2) the individual claims of the filing and non-filing plaintiff arise out of similar discriminatory treatment in the same time frame." *Id.* at 450.

In *Hipp v. Liberty National Life Insurance Co.*, 252 F.3d 1208 (11th Cir. 2001) (per curiam), this Court clarified the "same time frame" requirement of the single filing rule. As to the proper rearward cutoff date, we concluded that application of the single filing rule "should be limited to those plaintiffs who allege discriminatory treatment within the 180 or 300 days before the representative [EEOC] charge [was] filed."[2] *Id*. at 1220. The "forward scope" of the single filing rule ends on the date the representative charge was filed.[3] *Id.* at 1225. In other words, in order to piggyback "a plaintiff must have been able to file his or her charge of discrimination on the date the representative plaintiff filed the [EEOC] charge." *Id*. at 1214.

---

[2]"Whether a plaintiff must allege discriminatory treatment within 180 days or within 300 days depends on whether that plaintiff lives in a "deferral" or "non-deferral" state." *Hipp*, 252 F.3d at 1214 n.2. Georgia is a non-deferral state because it is without "laws banning age discrimination in employment and without state entities authorized to grant or seek relief for victims of age discrimination." *Id*. Thus, Sheffield had only 180 days from the alleged discriminatory treatment to file a charge of discrimination with the EEOC. *See id*.

[3]The representative charge is the EEOC charge relied upon to meet the single filing rule. *Id.* at 1225.

6

Because Sheffield's and Newton's claims did not arise within the same time frame for purposes of the single filing rule, we hold that Sheffield could not have piggybacked on Newton's charge as a matter of law. Newton was terminated on February 12, 2006, nearly eleven months before Sheffield's January 4, 2007 termination date. Newton filed his charge of discrimination with a state agency on August 30, 2006, more than four months before Sheffield was terminated. Since the forward temporal scope of the piggybacking window ends on the day the charge is filed, *see id*. at 1225, Sheffield could not piggyback on Newton's charge.

Sheffield argues, however, that in *Hipp* we established an exception to the general forward temporal scope where the representative charge "clearly alleges a continuing, concrete policy that is illegal, such as in *McDonald* [*v. United Air Lines, Inc.*, 587 F.2d 357 (7th Cir. 1978)]." *Hipp*, 252 F.3d at 1226. We have discussed, but declined to adopt, a "continuing violation theory" with regard to the forward scope of the single filing rule. *Id*. Under this theory, a plaintiff could utilize an EEOC charge that was filed before he was discriminated against, in order to fulfill the single filing rule. *Id*. Despite Sheffield's arguments to the contrary, in *Hipp* we specifically noted we were not deciding whether to adopt such an extension to the forward temporal scope of the single filing rule, and we

decline to do so here as well.[4]

As noted above, one of the requirements of the single filing rule is that the claims of the plaintiff who seeks to invoke the rule and the individual who filed the charge must "arise out of similar discriminatory treatment in the same time frame." *Calloway*, 986 F.2d at 450. Because Sheffield was discharged *after* Newton filed his charge of discrimination, and because we decline to adopt the continuing violation theory, Sheffield's termination did not arise within the same time frame as Newton's termination for purposes of the single filing rule. Since Sheffield could not have piggybacked on Newton's charge as a matter of law for this reason, it is unnecessary for us to decide whether the single filing rule required Sheffield to attempt to intervene in Newton's case.

Consequently, we find that the district court did not err by granting UPS's motion to dismiss.

**AFFIRMED.**

---

[4]Even were we to look to the Seventh Circuit's analysis in *McDonald* for guidance in this case, it is clear that the facts in *McDonald* are not analogous to the facts presented here. In *McDonald*, United Air Lines had an "explicit discriminatory policy: a no-marriage rule for flight attendants." *Id*. at 1226 n.22 (citation omitted). As we explained in *Hipp*, "[i]t was certainly reasonable to expect United to be on notice, from the filing of the first charge, that it could expect flight attendants to continue to challenge the policy until the policy was withdrawn." *Id*. In contrast to the explicit, facially discriminatory policy challenged in *McDonald*, Newton's charge (upon which Sheffield seeks to piggyback) states only that "[Charging party] asserts that a current pattern and practice of disparately favoring younger managers and females in [UPS's] workplace exist[s] in the making of [UPS's] personnel decisions." This allegation does not come close to identifying a "continuing, concrete policy that is illegal." Thus, even if we were to adopt the exception described in *McDonald*, it would not apply here.