[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-10459
Non-Argument Calendar
_____

D.C. Docket No. 1:11-cv-00766-AT


ORASMA BERRELL ANDREWS,

Petitioner-Appellant,

versus

WARDEN, FCC COLEMAN USP #I,

Respondent-Appellee.


_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(August 2, 2012)


Before HULL, MARCUS and WILSON, Circuit Judges.

PER CURIAM:

Orasma Berrell Andrews, a federal prisoner proceeding *pro se*, appeals the district court's dismissal of his petition for writ of habeas corpus, filed pursuant to 28 U.S.C. § 2254. The district court dismissed the petition as time-barred under 28 U.S.C. § 2244(d)(1). We affirm the dismissal, but on different grounds.[1]

Andrews challenges a 1994 Georgia drug conviction that was used to enhance his current federal sentence. A petition filed pursuant to 28 U.S.C. § 2254 is available only to a petitioner "in custody pursuant to the judgment of a State court." 28 U.S.C. § 2254(a). Andrews fully served the sentence for his 1994 drug conviction. He is a federal prisoner serving a sentence that was issued by a federal court, and a § 2254 petition is not available to him. *See Means v. Alabama*, 209 F.3d 1241, 1242 (11th Cir. 2000) (per curiam) (a prisoner who challenges an expired state sentence that was used to enhance his current federal sentence must bring suit under 28 U.S.C. § 2255 rather than § 2254).

Even construing his *pro se* petition as a one filed pursuant to 28 U.S.C. § 2255, relief is still unavailable. The Supreme Court has instructed that habeas relief is generally not available to a petitioner who challenges a past conviction and fully expired sentence that was used to enhance a subsequent federal sentence:

---

[1]We may affirm on any grounds supported by the record. *Koziara v. City of Casselberry*, 392 F.3d 1302, 1306 n.2 (11th Cir. 2004).

2

> If . . . a prior conviction used to enhance a federal sentence is no longer open to direct or collateral attack in its own right because the defendant failed to pursue those remedies while they were available (or because the defendant did so unsuccessfully), then that defendant is without recourse. The presumption of validity that attached to the prior conviction at the time of sentencing is conclusive, and the defendant may not collaterally attack his prior conviction through a motion under § 2255.

*Daniels v. United States*, 532 U.S. 374, 382, 121 S. Ct. 1578, 1583 (2001).  The

majority in *Daniels* recognized an exception for challenges concerning the failure

to appoint counsel for an indigent defendant.  *Id.* at 382, 121 S. Ct. at 1583 (citing

*Gideon v. Wainwright*, 372 U.S. 335, 83 S. Ct. 792  (1963)).  But the exception

does not apply here because Andrews was represented by counsel during the 1994

proceedings.  Andrews cannot challenge his prior conviction under 28 U.S.C. §§

2254 or 2255.

**AFFIRMED**.