[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 12-14875
Non-Argument Calendar

_____

D.C. Docket No. 8:10-cv-00375-JDW-AEP

CONNIE DANIELS, et al.,

Plaintiffs,

SONIA LAWSON,

Movant - Appellant

versus

SODEXO, INC.,

Defendant - Appellee,

RICH VOGEL, et al.,

Defendants.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(March 20, 2013)

Before CARNES, HULL, and JORDAN, Circuit Judges.

PER CURIAM:

Sonia Lawson appeals the district court's denial of her motion under Federal Rule of Civil Procedure 60(b) for relief from an order granting sanctions against her under Federal Rule of Civil Procedure 11.

I.

Lawson represented several plaintiffs in a lawsuit against Sodexo, Inc. related to its employment practices as the food service provider for Saint Leo University. The parties agreed to a settlement, but, shortly after the time had passed for Lawson's clients to object to the agreement, Sodexo lost its contract with Saint Leo and could no longer comply with substantial parts of the settlement agreement. Lawson filed a motion to reopen the case and alleged, among other things, that Sodexo had engaged in fraud to get her clients to sign the settlement agreement. Sodexo responded by filing a motion for Rule 11 sanctions against Lawson, contending that her motion to reopen included factual allegations that were inadmissible or had no evidentiary support and that she had failed to conduct a reasonably diligent investigation before filing the motion to reopen and alleging fraud.

The district court granted the motion for sanctions, finding that Lawson's allegations of fraud were not supported by evidence and were not likely to be

2

supported by evidence after a reasonable opportunity for further investigation. The court also found that her pre-filing investigation was not reasonable under the circumstances. The court ordered her to pay $1,500 in attorney's fees to Sodexo and to complete five hours of continuing legal education on the topic of civil practice.

Lawson did not appeal the district court's decision and complied with the order's requirements. A full year after the court issued the sanctions order, she filed a motion under Rule 60(b) contending that her research for a related case against Sodexo revealed that Sodexo had hindered her ability to conduct a pre-filing investigation and as a result the grant of Rule 11 sanctions against her had been inappropriate. The district court denied that motion. This is her appeal.

## II.

Motions under Rule 60(b) are "directed to the sound discretion of the district court." Griffin v. Swim-Tech Corp., 722 F.2d 677, 680 (11th Cir. 1984). We review the district court's decision only for an abuse of that discretion. Id.

Lawson brought her motion under Rule 60(b)(3) or, in the alternative, (b)(6). Rule 60(b)(3) allows the court to relieve a party of a judgment on the grounds of "fraud . . . misrepresentation, or misconduct by an opposing party." Fed. R. Civ. P. 60(b)(3). "To prevail on a 60(b)(3) motion, the movant must prove by clear and convincing evidence that an adverse party has obtained the verdict through fraud,

3

misrepresentation, or other misconduct" and that "the conduct prevented the losing party from fully and fairly presenting his case or defense." Cox Nuclear Pharmacy, Inc. v. CIT, Inc., 478 F.3d 1303, 1314 (11th Cir. 2007) (quotation marks and alterations omitted). Rule 60(b)(6) is a catch-all provision that provides for relief for "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(6). Relief under Rule 60(b)(6) is "an extraordinary remedy which may be invoked only upon a showing of exceptional circumstances." Griffin, 722 F.2d at 680.

Before filing her motion accusing Sodexo of fraud, Lawson told Sodexo that she wanted to examine the management agreement between Sodexo and Saint Leo, to take depositions, and to "otherwise thoroughly inquire into the circumstances surrounding the Settlement Agreement." Sodexo responded with limited cooperation: it provided a redacted copy of the management agreement, an affidavit of a Sodexo employee, affidavits from Sodexo's counsel, and an offer to produce another Sodexo employee for deposition. It did not provide any affidavits from Saint Leo employees or offer to make them available for deposition.

Lawson contends that her recent investigation in a related case has revealed that the portions of the management agreement Sodexo redacted contained information crucial to her investigation. She has also discovered that she would have gotten useful information by deposing a Saint Leo employee. Therefore, she argues that Sodexo's redaction of relevant portions of the management agreement

4

and Sodexo's refusal to make Saint Leo employees available to her hindered her pre-filing inquiry. She also contends that Sodexo misled the court by arguing that her clients would have to return the settlement proceeds to challenge the agreement.

Lawson did not file a motion to compel any discovery before filing her motion to reopen. Sodexo was under no legal obligation to provide her with any part of the management agreement—much less a complete, unredacted copy. Sodexo was not obligated—or even able—to compel Saint Leo employees to appear for deposition. And any arguments Sodexo made to the court in response to Lawson's motion to reopen, even if those arguments were wrong, in no way hindered her ability to investigate before she filed that motion. Sodexo's actions do not constitute misconduct or any other action covered under Rule 60(b)(3) or create the kind of extraordinary circumstances that justify relief under Rule 60(b)(6). The court did not abuse its discretion in denying Lawson's Rule 60(b) motion.[1]

---

[1] We also note, as the district court did, that it is questionable whether Lawson filed her motion within a "reasonable time" as required under Fed. R. Civ. P. 60(c)(1). Lawson filed her motion under Rule 60(b) exactly one year after the district court entered the sanctions order against her. She alleges that she discovered the evidence necessary for her Rule 60(b) motion while working on a related case. Reading the record generously to Lawson, the latest she would have found that evidence was January 26, 2012. She then waited over seven months to file her motion under Rule 60(b). Such a delay, without adequate explanation, is likely not reasonable under Rule 60(c)(1). See Cummings v. General Motors Corp., 365 F.3d 944, 955 (10th Cir. 2004) ("Where a party delays in filing a Rule 60(b) motion after discovery of the grounds for the motion, it must offer sufficient justification for the delay."). Because we can affirm the district

**AFFIRMED**.

---

court's decision on any grounds supported by the record, see Koziara v. City of Casselberry, 392 F.3d 1302 (11th Cir. 2004), we need not determine whether her motion fails based on procedural grounds as well as on the merits.