[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 11-16111

_____

D.C. Docket No. 0:10-cr-60330-WJZ-1


UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

BARRY JOHNSON,

Defendant - Appellant.


_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(April 12, 2013)

Before DUBINA, Chief Judge, BARKETT and FAY, Circuit Judges.

PER CURIAM:

Barry Johnson appeals his conviction following a jury trial of one count of

bank robbery, in violation of 18 U.S.C. § 2113(a), and one count of possession or

use of a firearm in furtherance of a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A).  Johnson raises seven issues on appeal.  He argues that:

> (1) the district court improperly denied his motion to suppress historical cell-site location ("HCL") data obtained from his cell-phone provider without a warrant or a showing of probable cause;
>
> (2) the court erred by preventing him from introducing evidence of uncharged criminal conduct by the government's primary witness;
>
> (3) the court abused its discretion by denying his motion for a writ of habeas corpus ad testificandum;
>
> (4) the court erred by allowing FBI Agent David Magnuson to testify as an expert witness about the HCL data obtained from Johnson's cell-phone provider;
>
> (5) the court erred in admitting several government exhibits, which purported to identify Johnson's location at the time of the offense, without holding an evidentiary hearing;
>
> (6) the court erred by denying Johnson's motion for a judgment of acquittal; and
>
> (7) the court improperly determined that Johnson was a career offender for sentencing purposes.

With regards to the HCL data, Johnson argues that the government violated his Fourth Amendment right to be free from unreasonable searches and seizures when it obtained historical cell-site location data from his cell phone service provider, MetroPCS, without a warrant based upon a showing of probable cause. Assuming arguendo that the district court erred in denying Johnson's motion to suppress, we nonetheless affirm the district court's order because we find that the

2

admission of the HCL data constituted harmless error.  See United States v. Khoury, 901 F.2d 948, 960 (11th Cir. 1990) (applying harmless error analysis to Fourth Amendment violations and holding that an error is harmless if "the other evidence of guilt was so overwhelming that the defendant suffered no prejudice from the admitted evidence").  The testimony of Johnson's co-defendant, Kelvin Gibson, that Johnson helped to plan and execute the robbery was sufficient to convict Johnson of armed bank robbery.  This testimony was also corroborated by the testimonies of two eye witnesses, the lead investigator, and Johnson's former employer, as well as by the records of Johnson's incoming calls, not including HCL data.  Accordingly, we affirm the district court's denial of Johnson's motion to suppress the HCL data, albeit on different grounds.  See Koziara v. City of Casselberry, 392 F.3d 1302, 1306 n.2 (11th Cir. 2004) ("[W]e may affirm the district court's judgment on any grounds supported in the record.").

We find no reversible error in any of the remaining issues Johnson raises on appeal and we affirm the denial of Johnson's motion for a writ of habeas corpus ad testificandum, affirm the district court's evidentiary rulings at trial, affirm the denial of Johnson's motion for a judgment of acquittal, and affirm the district court's judgment and sentence.

**AFFIRMED.**