[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 15-14545
Non-Argument Calendar
_____

D.C. Docket No. 1:14-cv-22733-JLK


WILLIAM H. JONES, JR.,

                                                                    Plaintiff-Appellant,

versus

NATIONAL LABOR RELATIONS BOARD,

                                                                    Defendant-Appellee.


_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(January 13, 2017)

Before TJOFLAT, WILLIAM PRYOR, and JULIE CARNES, Circuit Judges.

PER CURIAM:

Plaintiff William Jones, proceeding *pro se*, appeals the district court's dismissal of his complaint filed against Defendant National Labor Relations Board ("NLRB"), for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).  After careful review, we affirm.

## I.    BACKGROUND

In 2014, Plaintiff filed a complaint against Defendant.  In the complaint, Plaintiff referenced unfair labor practices charges that he filed against his union in 2007.  Plaintiff claimed that he did not receive back pay or the documents he requested from Defendant as part of a Freedom of Information Act ("FOIA") request.  Plaintiff attached numerous documents related to the dispute with his union and the FOIA request.  Plaintiff also filed a motion for leave to proceed *in forma pauperis*.

A magistrate judge denied Plaintiff's motion to proceed *in forma pauperis*, concluding that Plaintiff's complaint failed to state a claim upon which relief could be granted under 28 U.S.C. § 1915(e)(2)(B)(ii).  The magistrate judge explained that Plaintiff's complaint did not comply with Federal Rule of Civil Procedure 8 because it contained no allegations and it was unclear what relief Plaintiff sought. The magistrate judge ordered Plaintiff to show cause as to why the complaint should not be dismissed, or to file an amended complaint that showed a basis for federal subject matter jurisdiction and that Plaintiff had a cognizable claim.

Plaintiff responded to the show cause order, but did not address the magistrate judge's concerns or file an amended complaint. The magistrate judge subsequently ordered Plaintiff to pay the filing fee. The magistrate judge then issued a report and recommendation ("R&R"), recommending the dismissal of Plaintiff's complaint without prejudice. The magistrate judge noted that Plaintiff did not comply with the initial show cause order and did not file an amended complaint.

The district court adopted the R&R and dismissed Plaintiff's complaint without prejudice. The district court noted that Plaintiff's complaint failed to state a claim for which relief could be granted, and that Plaintiff had the opportunity to file an amended complaint but failed to comply with the magistrate judge's order.

## II.    DISCUSSION

We review *de novo* the district court's dismissal of a complaint for failure to state a claim, using the same standards that govern Federal Rule of Civil Procedure 12(b)(6) dismissals. *Leal v. Ga. Dep't of Corr.*, 254 F.3d 1276, 1278 (11th Cir. 2001). Section 1915(e)(2)(B)(ii) provides that a district court shall dismiss a case proceeding *in forma pauperis* at any time if it determines that the action fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii). To survive dismissal for failure to state a claim, "a complaint must contain sufficient

factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Federal Rule of Civil Procedure 8(a) further provides that in order to state a claim for relief, a pleading must contain:

> (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support;

> (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and

> (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

Fed. R. Civ. P. 8(a). "The point is to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Harrison v. Benchmark Elecs. Huntsville, Inc.*, 593 F.3d 1206, 1214 (11th Cir. 2010) (quotations omitted).

In his appellate brief, Plaintiff does not raise any arguments pertaining to the district court's dismissal of his complaint for failure to state a claim or for failure to comply with the magistrate judge's order. Instead, Plaintiff's brief contains various documents, including decisions involving the NLRB and excerpts from the record. While *pro se* briefs are generally held to a less stringent standard than those submitted by counsel, courts are not required to step into the role of *de facto* counsel. *GJR Invs., Inc. v. Cty. of Escambia*, 132 F.3d 1359, 1369 (11th Cir. 1998), *overruled in part on other grounds as recognized in Randall v. Scott*, 610

F.3d 701, 709 (11th Cir. 2010).  Because Plaintiff has failed to raise any argument, let alone make any statement, pertaining to the district court's reasons for dismissing his complaint, he has abandoned any potential argument he may have had challenging that dismissal.  *See Timson v. Sampson*, 518 F.3d 870, 874 (11th Cir. 2008) ("While we read briefs filed by *pro se* litigants liberally, issues not briefed on appeal by a *pro se* litigant are deemed abandoned." (citation omitted)).

Nevertheless, even if we concluded that Plaintiff had not abandoned his challenge to the dismissal of his complaint, the district court did not err by dismissing the complaint for failure to state a claim upon which relief may be granted.[1]  Construing Plaintiff's complaint liberally, his complaint contains no allegations, was not supported by any legal authority, and was devoid of any reference to a cognizable cause of action.  In fact, it was not even clear from the complaint the relief sought by Plaintiff.  *See* Fed. R. Civ. P. 8(a).  Moreover, the magistrate judge provided Plaintiff the opportunity to amend his complaint to cure the deficiencies, and Plaintiff chose not to file an amended complaint.  *See Bryant v. Dupree*, 252 F.3d 1161, 1163 (11th Cir. 2001) ("Generally, where a more carefully drafted complaint might state a claim, a plaintiff must be given at least one chance to amend the complaint before the district court dismisses the action

---

[1] Because we affirm the dismissal based on failure to state a claim, we do not address Plaintiff's failure to comply with the show cause order.  *See Koziara v. City of Casselberry*, 392 F.3d 1302, 1306 n.2 (11th Cir. 2004) ("[W]e may affirm the district court's judgment on any grounds supported by the record.").

with prejudice." (quotations omitted)).  Accordingly, the district court did not err

by dismissing Plaintiff's complaint for failure to state a claim.

**AFFIRMED.**