[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED

U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
November 18, 2004
THOMAS K. KAHN
CLERK

No. 03-15455

D. C. Docket No. 02-02034 CV-TWT-1

LAUREN C. CUVILLIER,
f.k.a. Anne Harrison,

Plaintiff-Appellant,

versus

ROCKDALE COUNTY,
DANIEL G. RAY,
ALICE EDGE,
DELINQUENT TAX SOLUTIONS, INC., et al.,

Defendants-Cross-
Defendants-Appellees,

HASSAN M. SHAWAREB,
a.k.a. Hassan M. Abu-Shawareb,

Defendant-Cross-
Claimant-Appellee,

OCWEN FEDERAL BANK, FSB,

Defendant-Appellee.

Appeal from the United States District Court
for the Northern District of Georgia

**(November 18, 2004)**

Before EDMONDSON, Chief Judge, PRYOR and FAY, Circuit Judges.

PER CURIAM:

This case involves the sale of property at a tax sale. Appellant Cuvillier asks this Court to determine that the sale of her property was unconstitutional under the Constitutions of the United States and the State of Georgia. We conclude otherwise and affirm the district court.


BACKGROUND


In 1987, Appellant Cuvillier acquired residential property in Rockdale County, Georgia ("Rockdale property"). The following year, she applied for Georgia's statutory homestead tax exemption for the Rockdale property. See O.C.G.A. § 48-5-50 (2004). In August or September of 2000, Cuvillier moved from the Rockdale property to DeKalb County and forwarded her mail to the new address. At the DeKalb County address, she received the water bill on the

2

Rockdale property and voter registration mailings from Rockdale County. She made no efforts to inform the Rockdale County Tax Commissioner's Office ("Rockdale Tax Office") of her change of address until January 2003, and she maintained the homestead exemption on the Rockdale property.

Cuvillier placed the Rockdale property on the market in late 2000 or early 2001, and she returned there every two to three weeks for maintenance purposes. She also legally changed her name from Anne J. Harrison in September or October of 2001, but she did not communicate this to the Rockdale Tax Office until January 2003.

Cuvillier failed to pay the 2001 tax bill on the Rockdale property. In response, the Rockdale Tax Office sent, by first class mail, a notice of delinquency to Cuvillier's Rockdale property address in January 2002.[1] The post office returned the letter to the Rockdale Tax Office.

On behalf of the Rockdale Tax Office, Appellee-Defendant Delinquent Tax Solutions, Inc. ("DTSI") sent, by certified mail, the statutorily required twenty-day notice to the Rockdale property address on 13 May 2002.[2] The letter returned to

_____

[1] Georgia law requires tax commissioners' offices to notify taxpayers of a delinquency once payment is not received by the due date. O.C.G.A. § 48-3-3 (2004).

[2] The parties agree DTSI maintains a contract with Rockdale County. Pursuant to that contract, DTSI sends a "phase-one letter" to those taxpayers that remain delinquent after the Rockdale Tax Office sends the first delinquency notice letters. The "phase-one letter" informs the

DTSI, who then delivered it to the Rockdale Tax Office. The returned notice indicated that the resident, still addressed as Anne Harrison, "moved, left no address." DTSI then began attempts to locate a proper address for Cuvillier by using websites such as "WhitePages.com," and "RealYellowPages.com."[3] These searches failed to locate Cuvillier at her DeKalb County residence.

By at least 6 June 2002, the Rockdale Tax Office published a notice of the tax sale in the local newspaper, the "Rockdale Citizen." Because the internet searches proved futile, on 21 June 2002, DTSI sent, via certified mail, the ten-day letter to Anne J. Harrison at the Rockdale property address. The ten-day letter explained that Rockdale County would sell the property in a tax sale on 2 July 2002. Defendant-Appellant Shawareb purchased the tax lien on the Rockdale property on 2 July 2002.

---

taxpayer that the account is being managed by DTSI and that the taxpayer must make payment or the property will be subject to the levy process. If the taxes are still not paid, DTSI will send, via certified mail with return service requested, a twenty-day letter as required by O.C.G.A. § 48-3-9(a) (2004). This letter typically notifies the taxpayer that the property will be "advertised for sale unless the taxes are paid within 20 days from the delivery of [the] notice." O.C.G.A. § 48-3-10 (2004). After DTSI sends the twenty-day notice letter, it begins the process of skip tracing and verifying the taxpayer's address. If the taxpayer remains delinquent, DTSI will send a ten-day notice letter. If the taxes are not paid on the property after the ten-day letter, Georgia counties may sell the property to obtain the necessary revenue. See O.C.G.A. § 48-4-1 (2004). Letters returned to DTSI are given to Rockdale County.

   [3]   The parties dispute whether DTSI used "PeopleSearch.com," a more thorough internet based search engine. For the purposes of this appeal, we presume DTSI did not use the search engine.

Cuvillier brought this action pursuant to 42 U.S.C. § 1983 and Georgia law, alleging that the tax sale was improper. The district court granted Defendants-Appellees' motions for summary judgment, concluding that Cuvillier received reasonable notice of the tax sale.

## STANDARD OF REVIEW

We review a district court's grant of summary judgment de novo, and we resolve all issues of material fact in favor of the non-moving party, Plaintiff-Appellant Cuvillier. Zipperer v. City of Ft. Myers, 41 F.3d 619, 622 (11th Cir. 1995).

## DISCUSSION

Cuvillier argues that Defendant-Appellees Rockdale County, Daniel Ray (Rockdale County Tax Commissioner), Alice Edge (Rockdale County Tax Commission Supervisor) and DTSI violated her due process rights by not

providing her with reasonable notice of the tax sale of the Rockdale property.[4]

She also contends that Appellee Abu-Shawareb is liable under a theory of money

had and money received. We affirm the district court.[5]

The crux of Cuvillier's claim is that the Rockdale Tax Office did not "do

more" to notify her of the tax sale of the Rockdale property.[6] The "Due Process

Clause . . . requires only that the Government's effort be 'reasonably calculated' to

apprise a party of the pendency of the action." Dusenbery v. United States, 122 S.

Ct. 694, 701 (2002). Thus, reasonable – not actual – notice is required, and

"improvements in the reliability of new procedures [do not] necessarily

demonstrate the infirmity of those that were replaced." Id. at 702.

Cuvillier submits that Defendants-Appellees' acts – failing to find her

proper address after the notices sent to the Rockdale property were returned – do

---

[4] Cullvier raises several other arguments, including the availability of the qualified immunity defense for Defendant-Appellees Ray and Edge, whether the Rockdale Tax Office is a state or county office, and whether DTSI may assert a defense based on good faith. These issues are immaterial because we conclude no underlying constitutional violation exists.

[5] We note that Cuvillier's claim may possibly be barred by our decision in McKinney v. Pate, 20 F.3d 1550 (11th Cir. 1994). Defendants-Appellees, however, failed to raise a McKinney challenge, and we do not address one here.

[6] Whether Cuvillier appeals her claims under the United States Constitution, the Georgia Constitution, or both is unclear. In this case, we believe whether Cuvillier relies on one or the other is a distinction without a difference. When deciding cases involving the notice required for a tax sale or forfeiture, the Georgia Supreme Court relies on Supreme Court authority to interpret its Constitution. See Hamilton v. Renewed Hope, Inc., 589 S.E.2d 81 (Ga. 2003).

6

not meet the Dusenbery standard. She relies on several cases from other circuits where governments forfeited property after receiving a returned notice letter. See, e.g., United States v. Ritchie, 342 F.3d 903, 910 (9th Cir. 2003) (no efforts, other than notice by publication, made after initial notice returned); Foehl v. United States, 238 F.3d 474, 479 (3rd Cir. 2001) (same) (coordinating law enforcement offices possessed defendant's proper address); Small v. United States, 136 F.3d 1334, 1338 (D.C. Cir. 1998) (defendant in government's custody when notice returned); United States v. Rodgers, 108 F.3d 1247, 1252-53 (10th Cir. 1997) (government mailed notice letter to two of three known addresses of defendant); Barerra-Montenegro v. United States, 74 F.3d 657, 660-61 (5th Cir. 1996) (government possessed defendant's address and defendant's counsel's address). As recognized by the district court, those cases involved situations where the government either knew the defendant's proper address or, upon receipt of the returned notice, failed to take any efforts to determine the proper address.[7]

---

[7] Cuvillier asserts that Defendant-Appellee Ray had access to the Rockdale County Water Department's billing records, which would have provided him with Cuvillier's address in DeKalb County. Nothing supports this claim however. Defendant-Appellee Edge testified that, if a computer in the Rockdale Tax Office was connected to the Water Department, it would be Defendant-Appellee Ray's. Ray testified that the Water Department's records only recently became available and that he cannot recall whether he would have had access to the billing records at the time at issue here. Even if we determined that Ray's access would be a material fact, to overcome summary judgment, Cuvillier must do more than allege, without factual support, Ray's access to the Water Department's records when Ray and Edge specifically refute that allegation.

Appellees rely on a case from the Eighth Circuit, Madewell v. Downs, 68 F.3d 1030 (8th Cir. 1995). Similar to those cases cited above, the notice provided in Madewell was returned to the government (Drug Enforcement Agency). Unlike those cited by Cuvillier, however, the DEA in Madewell lacked the defendant's proper address, and the defendant was not in federal custody when the DEA sent the notice. Id. 68 F.3d at 1047. In addition, the defendant in Madewell provided the DEA with a false address, leading the court to conclude that "[a]ny confusion about [his] actual residence was the result of [the defendant's] own conduct, not the result of a willful failure to send notice to an address the DEA knew or should have known." Id. Accord Donat v. DEA, 121 F.3d 707 (7th Cir. 1997) (unpublished).

We must examine the particular circumstances of the case at hand to determine "whether a particular method of notice is reasonable." Tulsa Prof'l Collection Servs., Inc., v. Pope, 108 S.Ct. 1340, 1344 (1988). We conclude that this case is more like Madewell than the Ritchie line of cases. The county Defendants-Appellees undertook sufficient efforts to provide reasonable notice, and any error is, in significant part, the result of Cuvillier's own conduct. The Rockdale Tax Office acted in a manner reasonably calculated to provide adequate notice. It sent an initial notice to the address claimed by Cuvillier as her

8

residence "for all purposes whatever." O.C.G.A. § 48-5-40(3)(K) (2004) (describing the effect of the homestead exemption). It also checked the local deeds and records, and then took the additional step of contacting an independent, outside locating agency to find Cuvillier's address.[8] These acts complied with state and constitutional provisions. Cuvillier's conduct also played a significant role in her failure to receive actual notice of the tax sale. First, she maintained the homestead exemption on her Rockdale property, even though she did not live there. Second, Cuvillier changed her name, compounding the difficulty in locating her proper address. Third, she did not notify the Rockdale Tax Office of either her name change or her change of address. Under these circumstances, the Rockdale Tax Office acted reasonably; that is all the Constitution requires.

Accordingly, we AFFIRM the decision of the district court.

AFFIRMED.

---

[8] That DTSI could have carried out a more thorough search is immaterial. Dusenbery indicates that governments are not required to make the "best" efforts, but only those that are "reasonably calculated" to provide proper notice. 122 S. Ct. at 702. As far as the county Defendants-Appellees are concerned, DTSI's search methods represented, at a minimum, "reasonably diligent efforts beyond the use of tax and real estate records." Hamilton v. Renewed Hope, Inc., 589 S.E.2d 81, 85 (Ga. 2003).