[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
November 28, 2005
THOMAS K. KAHN
CLERK

_____

No. 05-14033
Non-Argument Calendar

_____

D. C. Docket No. 04-00536-CV-CG-M

LULA P. WATTERS,
MIA G. FALLS,

Plaintiffs-Appellants,

versus

LOUISIANA PACIFIC CORPORATION,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Alabama

_____

(November 28, 2005)

Before DUBINA, BARKETT and HULL, Circuit Judges.

PER CURIAM:

Lula P. Watters and Mia G. Falls (the "Appellants") appeal the district

court's grant of summary judgment to Louisiana Pacific Corporation ("LP") on their state-law defamation claims. Those claims arose when the appellants, former employees of LP, were terminated for allegedly falsifying their time cards. The appellants claim that company agents made defamatory statements to that effect.

Ultimately, the district court reasoned that the appellants could not establish the necessary elements of a defamation claim under Alabama law, as the statements at issue were never published to a third party except under circumstances that were privileged. In the alternative, the district court held that the statements were true. Because the record is devoid of evidence that the statements were published to a third party, we affirm.

## BACKGROUND

Prior to their termination, appellants were hourly employees of LP. After an investigation in which she discussed the appellants with other LP employees, Caroyln Sarblah ("Sarblah"), a human resources official, determined that they had falsified their time cards.[1] Appellants were then terminated, and filed for unemployment compensation benefits with the Alabama Department of Industrial Relations. During administrative hearings held to determine the appellants' entitlement to such benefits, Sarblah and other LP representatives explained the

_____

[1]Appellees maintain that any discrepancies in their time cards resulted from the malfunctioning of the time-keeping equipment and tampering with their time cards.

course of the investigation and the circumstances surrounding the appellants'
termination.

Aside from the testimony at this hearing and the statements made to other LP agents in the course of the investigation, the appellants both concede that they know of no statements made to non-employees concerning the circumstances of their termination. The record is otherwise devoid of evidence of such communications.

## STANDARD OF REVIEW

We review a district court's summary judgment ruling de novo, applying the same legal standards as the district court. Cuviller v. Rockdale County, 390 F.3d 1336, 1337 (11th Cir. 2004). All the evidence and reasonable inferences therefrom must be viewed in the light most favorable to the appellants, who oppose summary judgment. Id. Summary judgment is then properly granted where the non-moving party is unable to establish the existence of each essential element of their case on which they bear the burden of proof at trial. See Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986).

## DISCUSSION

Under Alabama law, to establish a prima facie case of defamation, the plaintiff must show: (i) that the defendant was at least negligent; (ii) in publishing;

3

(iii) a false and defamatory statement to another; (iv) concerning the plaintiff; (v) which is either actionable without having to prove special harm or actionable upon allegations and proof of special harm. Gary v. Crouch, 867 So. 2d 310, 315 (Ala. 2003). While the publication element is generally satisfied where the defamatory matter was communicated to someone other than the plaintiff, id., communications among employees in the course of transacting the company's business and in the scope of the employee's duties do not constitute a publication. Schrimsher v. Liberty Nat'l Life Ins. Co., 655 So. 2d 986, 988 (Ala. 1995), citing Cantrell v. North River Homes, Inc., 628 So. 2d 551, 553 (Ala. 1993). Thus, communications made to employees in the course of investigating the plaintiff's employment behavior do not constitute third-party publication for defamation purposes. Burks v. Pickwick Hotel, 607 So. 2d 187, 190 (Ala. 1992). Similarly, Alabama statute provides that communications made in connection with the administration of the Department of Industrial relations are absolutely privileged and cannot form the basis for an action for slander or libel in any court. Ala. Code. § 25-4-116 (2005); see also, Dixon v. Economy Co., 477 So. 2d 353, 354 (Ala. 1985).

Under these standards, the district court was clearly correct in granting summary judgment based on the lack of any evidence of publication to a third party. While appellants point to communications that Sarblah made to other LP

employees in the course of her investigation, the Alabama Supreme Court has held

that such statements do not constitute publication. See Pickwick Hotel, 607 So. 2d

at 190. Likewise, appellants cannot rely on statements made at their

unemployment compensation hearings, as those are privileged by virtue of § 25-4-

116. Accordingly, LP was entitled to summary judgment because appellees failed

to make a sufficient showing that the allegedly defamatory information was

published to a third party, a necessary element of their case on which they bore the

burden of proof. See Celotex, 477 U.S. at 324-25.[2]

AFFIRMED.

---

[2]Because we affirm the district court based on the lack of record evidence of publication, we need not reach the district court's alternative holding that the allegedly defamatory statements were true.