[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 18, 2007
THOMAS K. KAHN
CLERK

No. 06-16407
Non-Argument Calendar
_____

D. C. Docket No. 06-00058-CV-1-SPM-AK

HARMON DAVID BROCK,

Plaintiff-Appellant,

versus

CITY OF ZEPHYRHILLS,
a municipal corporation, et al.,

Defendants,

MICHAEL A. KIRK,
Officer, Zephyrhills Police Department,
MARTIN A. WATERS,
Hillsborough Sheriff's Deputy,
WILLIAM V. KRAMER,
Retired Hillsborough Deputy,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

**(May 18, 2007)**

Before BIRCH, WILSON and PRYOR, Circuit Judges.

PER CURIAM:

Harmon Brock appeals the summary judgment in favor of Michael A. Kirk, a police officer for the City of Zephyrhills, Florida; William V. Kramer, a corporal with the Hillsborough County Sheriff's Office; and Martin Waters, a former sergeant for the Hillsborough County Sheriff's Office, and against Brock's complaint of unlawful search and false arrest, see 42 U.S.C. § 1983, and malicious prosecution under state law. Because the officers are entitled to qualified immunity and probable cause existed for the arrest, we affirm.

## I. BACKGROUND

On August 16, 2002, a man robbed the Sunshine State Federal Savings Bank in Zephyrhills, Florida. Kirk investigated the robbery. As a part of his investigation, Kirk interviewed witnesses and obtained video tape from a surveillance camera. Witnesses described the robber as an older white male, weighing between 190 and 200 pounds, with short brown or grey hair, and wearing dark pants, a white shirt, glasses, and a cap. The suspect left in a red Ford pickup truck. Witnesses reported partial tags on the vehicle.

Kirk published photographs from the surveillance video in the local newspaper and shared them with other law enforcement agencies. Kramer

2

identified the man in the photograph as Brock. Kramer showed the photograph to his fellow officer and Brock's son-in-law, Waters. Waters identified the man in the photograph as Brock. Waters showed the photograph to several members of Brock's family, who also identified the man in the photograph as Brock. A photograph lineup was prepared and shown to the witnesses. Two of the three witnesses identified Brock as the robber.

Based on this information, as well as a report from the Department of Motor Vehicles that Brock owned a red Ford pickup, a probable cause affidavit for Brock's arrest was prepared. After the warrant was signed, Kirk and another officer executed the warrant at Brock's residence and transported Brock to the Dixie County jail. Brock was released nineteen days later.

While Brock was in custody, he gave consent for his vehicle and home to be searched. Brock contends that he signed a consent form, but conditioned the consent on the exclusion of Kirk from the search and the presence of Brock's friend, Manuel Folson, during the search. A signed consent form was never found. Kirk stated in his affidavit that, through an interview room window, he observed Brock sign what his superior later told him was a consent form. The superior officer, who is not a party to this lawsuit, told Kirk that Brock gave full consent to a search of his vehicles and residence, and the superior officer and Kirk searched

3

Brock's vehicle and residence. Folson was not present during the search.

In April 2003, the Federal Bureau of Investigation informed the Zephyrhills Police Department that a man named Roger Milo Hart had confessed to the robbery. A second photograph lineup was prepared. This time, two of the three witnesses identified Hart as the robber.

Brock filed his complaint. The district court granted summary judgment in favor of the officers. This appeal followed.

## II. STANDARD OF REVIEW

We review a grant of summary judgment <u>de novo</u>, and we resolve all issues of material fact in favor of the nonmoving party. <u>Cuvillier v. Rockdale County</u>, 390 F.3d 1336, 1338 (11th Cir. 2004).

## III. DISCUSSION

Brock contends that the district court erred by granting Kirk, Waters, and Kramer's motions for summary judgment. The district court concluded that the officers were entitled to qualified immunity and probable cause existed for the arrest. We agree with the district court.

### A. *Brock's Section 1983 Claim Fails Because Kirk, Waters, and Kramer Are Entitled to Qualified Immunity*

Federal law shields government officials sued for an alleged violation of a constitutional right with a qualified immunity. "The privilege is 'an <u>immunity</u>

from suit rather than a mere defense to liability.'" <u>Saucier v. Katz</u>, 533 U.S. 194, 200, 121 S. Ct. 2151, 2156 (2001).  Kirk, Kramer, and Waters each invoked this defense to Brock's complaint.

The evaluation of a defense of qualified immunity involves three steps. First, a public official who asserts a defense of qualified immunity must establish that he was "engaged in a 'discretionary function' when he performed the acts of which the plaintiff complains."  <u>Holloman v. Harland</u>, 370 F.3d 1252, 1264 (11th Cir. 2004).  The burden then shifts to the plaintiff to establish that the conduct of the defendant violated the Constitution.  <u>Hope v. Pelzer</u>, 536 U.S. 730, 736, 122 S. Ct. 2508, 2513 (2002).  In the final step, the plaintiff must establish that the constitutional right was clearly established when the violation occurred.  <u>Saucier</u>, 533 U.S. at 201, 121 S. Ct. at 2156.

The defendant officers were engaged in discretionary functions when they performed the acts of which Brock complains.  When we assess whether an act is discretionary, "[w]e ask whether the government employee was (a) performing a legitimate job-related function . . . (b) through means that were within his power to utilize."  <u>Holloman</u>, 370 F.3d at 1265.  The acts of obtaining and executing a warrant for an arrest and performing a search of a vehicle and residence qualify as discretionary functions of law enforcement officers.

5

Although not clearly stated, Brock's complaint appears to allege two constitutional violations: unlawful arrest and unlawful search. We address each in turn.

## 1. Arrest of Brock

The constitutionality of the arrest of Brock turns on whether the officers had probable cause for the arrest. An arrest does not violate the Fourth Amendment if probable cause exists for the arrest. Wood v. Kesler, 323 F.3d 872, 878 (11th Cir. 2003). "Probable cause to arrest exists when the facts and circumstances within the collective knowledge of law enforcement officers, or of which they have reasonably trustworthy information, would cause a prudent person to believe that the suspect has committed or is committing an offense." Craig v. Singletary, 127 F.3d 1030, 1042 (11th Cir. 1997).

We agree with the district court that probable cause existed for the issuance of the arrest warrant. The physical descriptions given by the witnesses matched Brock who also owned a vehicle of the same make and color as that of the getaway vehicle. Two of the three witnesses identified Brock in the initial photograph line-up, and several of Brock's family members identified Brock as the man in the security camera photograph. Even when the facts are taken in the light most favorable to Brock, probable cause existed for his arrest. Kirk, Waters and Kramer

6

are entitled to qualified immunity as to Brock's complaint of unlawful arrest.

## 2.  Search of Brock's Vehicle and Residence

Brock contends that the search of his vehicle and residence exceeded the scope of his consent.  If we assume Brock's allegations are true, see Saucier, 533 U.S. at 201, 121 S. Ct. at 2156, the search exceeded the consent and violated the Fourth Amendment.  See United States v. Blake, 888 F.2d 795, 800 (11th Cir. 1989).  The problem for Brock is that the illegality of the search would not have been clear to a reasonable officer in Kirk's position.

Kirk is entitled to qualified immunity because it was objectively reasonable for him to conclude that the search was lawful based on his supervisor's instruction.  "The relevant, dispositive inquiry in determining whether a right is clearly established is whether it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted."  Saucier, 533 U.S. at 202, 121 S. Ct. at 2156.  Brock does not dispute Kirk's affidavit testimony that Kirk was informed by his supervisor that Brock gave full consent to the search of his vehicle and home.  Because a reasonable officer in Kirk's position would have believed the search was lawful, Kirk is entitled to qualified immunity.  See Anderson v. Creighton, 483 U.S. 635, 641, 107 S. Ct. 3034, 3040 (1987).

7

*B. Brock's Malicious Prosecution Claim Fails Because Probable Cause Existed For His Arrest.*

Brock contends that his arrest was conducted with malice. The absence of probable cause is a necessary element for a claim of malicious prosecution. <u>Alamo Rent-A-Car, Inc. v. Mancusi</u>, 632 So. 2d 1352, 1355 (Fla. 1994). Because probable cause existed for Brock's arrest, his claim of malicious prosecution fails.

## IV. CONCLUSION

The summary judgment in favor of Kirk, Waters, and Kramer is

**AFFIRMED.**