[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
July 18, 2007
THOMAS K. KAHN
CLERK

_____

No. 07-10302
Non-Argument Calendar
_____

D. C. Docket No. 04-01883-CV-T-26-TGW

MEL ABELE,

Plaintiff-Appellant,

versus

GRANT TOLBERT,
RON ALIFF,
DOES,
Does: One, Two, Three,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(July 18, 2007)

Before TJOFLAT, HULL and PRYOR, Circuit Judges.

PER CURIAM:

Mel Abele appeals <u>pro se</u> the summary judgment in favor of Ron Aliff and Grant Tolbert and against Abele's complaint that his right to procedural due process was violated when Aliff and Tolbert caused Abele's property to be demolished. <u>See</u> 42 U.S.C. § 1983. Because Abele is collaterally estopped from relitigating this issue, we affirm the order of the district court.

## I. BACKGROUND

Before Abele commenced the present litigation, Abele filed in February 2004 a civil action against Hernando County, Michael Anzalone, Aliff, and Tolbert. Tolbert and Aliff were dismissed without prejudice in July 2004 due to improper service of process. <u>See</u> Fed. R. Civ. P. 4(m). The Hernando County action alleged (1) a claim under the Contract Clause, (2) a due process claim, (3) a RICO claim, and (4) various claims under state law. Abele's claims in the Hernando County action arose from the same transactions and occurrences on which Abele bases the claims in the present action against Aliff and Tolbert, including the demolition of a structure located at 8023 Winter Street. The district court in the Hernando County action entered summary judgment against Abele's federal claims and declined to exercise supplemental jurisdiction over his state law claims. Among other things, the district court determined that there was no

2

violation of Abele's right to procedural due process. Abele appealed the decision of the district court. On appeal, we affirmed. We concluded that, because there were adequate state remedies available to Abele with respect to each of the alleged property deprivations, Abele's right to procedural due process was not violated.

After Tolbert and Aliff were dismissed from the Hernando County action, Abele commenced this action against Tolbert and Aliff in August 2004 and alleged (1) a RICO conspiracy to confiscate various properties located in Hernando County, (2) trespass without due process of law at 8023 Winter Street, (3) an unlawful denial of a building permit, (4) a taking of Abele's property at 8023 Winter Street "without any legal notice as required by law, and without any court order," (5) removal of electric meters at certain properties, and (6) unlawful destruction of a sailboat. The district court sua sponte dismissed Abele's complaint for lack of subject matter jurisdiction. On appeal, we reversed and concluded that Abele's complaint raised the following three federal questions: (1) whether the defendants violated RICO, (2) whether the defendants violated Abele's constitutional right to due process of law; and (3) whether the defendants violated the Takings Clause of the Fifth and Fourteenth Amendments to the Constitution. On remand, the district court instructed Abele to file an amended complaint and then sua sponte dismissed Abele's first amended complaint because it was a

"'quintessential shotgun pleading' of the type that the Eleventh Circuit Court of Appeals has repeatedly condemned." Abele then amended his complaint again.

In his second amended complaint, Abele alleged (1) "Aliff, et al" demolished Abele's property at 8023 Winter Street "without any legal notice as required by Federal and States Statutes" and "the 'agency' failed to grant the bare essentials of law" and violated protections guaranteed by the Florida and Federal Constitutions when it failed to seek injunctive relief as required by state law; (2) Aliff wrongly denied, under state law, a building permit for a property Abele sold; and (3) Aliff and Tolbert violated various state laws and RICO when, without proper notice or court orders, they ordered the removal of the electric meter from a mobile home on property zoned for agricultural use. Aliff and Tolbert moved to dismiss the second amended complaint for failure to state a claim upon which relief can be granted. See Fed. R. Civ. P. 12(b)(6). The district court concluded that Abele failed to state a claim under RICO and dismissed that claim with prejudice. The district court determined that Abele's remaining allegations sought "relief solely pursuant to Florida law" and dismissed them without prejudice after declining to exercise supplemental jurisdiction.

Abele again sought our review. On appeal, we affirmed the dismissal of the RICO claim but concluded that another count of the second amended complaint,

"construed liberally, states a claim that the defendants destroyed one or more of Abele's properties or homes without notice or a hearing – i.e., that the defendants violated Abele's right to procedural due process." We remanded the case for further action consistent with our decision.

After discovery, Aliff and Tolbert moved for summary judgment, and the district court granted their motion. The district court determined that the statute of limitations barred any claims that accrued before August 16, 2000. The district court also concluded that, to the extent Abele's complaint sought relief against Aliff and Tolbert in their official capacities, it was barred by res judicata based on the Hernando County action, and to the extent the complaint sought relief against Aliff and Tolbert in their individual capacities, Aliff and Tolbert were entitled to qualified immunity. Finally, the district court concluded that there was no violation of Abele's right to substantive or procedural due process. Abele appealed.

## II. STANDARD OF REVIEW

We review a summary judgment de novo, and we resolve all issues of material fact in favor of the nonmoving party. Cuvillier v. Rockdale County, 390 F.3d 1336, 1338 (11th Cir. 2004).

5

## III. DISCUSSION

Although the district court based its decision on res judicata, to the extent Aliff and Tolbert were sued in their official capacities, and qualified immunity, to the extent suit was brought against them in their individual capacities, collateral estoppel bars Abele's complaint regardless of the capacity of the defendants. We can affirm on any ground supported by the record. Koziara v. City of Casselberry, 392 F.3d 1302, 1306 n.2 (11th Cir. 2004), and collateral estoppel bars relitigation of an issue that has previously been litigated and resolved. "To claim the benefit of collateral estoppel the party relying on the doctrine must show that: (1) the issue at stake is identical to the one involved in the prior proceeding; (2) the issue was actually litigated in the prior proceeding; (3) the determination of the issue in the prior litigation must have been "a critical and necessary part" of the judgment in the first action; and (4) the party against whom collateral estoppel is asserted must have had a full and fair opportunity to litigate the issue in the prior proceeding." Pleming v. Universal-Rundle Corp., 142 F.3d 1354, 1359 (11th Cir. 1998).

All of the elements of collateral estoppel are present. Whether Abele's right to procedural due process was violated when the Winter Street property was demolished was actually litigated in the Hernando County action and decided against Abele by both this Court and the district court. The determination that

6

Abele's right to procedural due process was not violated was a "critical and necessary" part of the judgment in the Hernando County action and Abele had a full and fair opportunity to litigate the issue in the earlier action.  Because the issue whether the demolition of the 8023 Winter Street property deprived Abele of his right to procedural due process has previously been litigated and decided against him, Abele is precluded from relitigating that issue.

## IV.  CONCLUSION

The summary judgment in favor of Aliff and Tolbert is

**AFFIRMED.**