[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JULY 20, 2007
THOMAS K. KAHN
CLERK

_____

No. 06-14615
Non-Argument Calendar

_____

D. C. Docket No. 06-80044-CV-KLR

BARRY D. BATCHELOR,

Plaintiff-Appellant,

versus

SOUTH FLORIDA WATER MANAGEMENT
DISTRICT,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(July 20, 2007)**

Before ANDERSON, BARKETT and PRYOR, Circuit Judges.

PER CURIAM:

Barry D. Batchelor appeals the summary judgment in favor of the South

Florida Water Management District and against his complaint under the self-care provision of the Family Medical Leave Act, 29 U.S.C. § 2612(a)(1)(D). The district court held that the suit was barred by the Eleventh Amendment. We affirm.

The issue we must decide is whether, in the light of Nevada Department of Human Resources v. Hibbs, 538 U.S. 721, 123 S. Ct. 1972 (2003), our holding in Garrett v. University of Alabama Board of Trustees, 193 F.3d 1214, 1219 (11th Cir. 1999), reversed in part on other grounds, 531 U.S. 356 (2001), that Congress did not validly abrogate state sovereign immunity through the self-care provision of the FMLA remains good law. Batchelor argues that the district court construed Hibbs too narrowly by holding that the decision only applied to the family-care provision of the FMLA, 29 U.S.C. § 2612(a)(1)(C). We agree with the district court; our decision in Garrett, 193 F.3d at 1219, is controlling.

We review a summary judgment de novo. Cuvillier v. Rockdale County, 390 F.3d 1336, 1338 (11th Cir. 2004). Summary judgment should be granted if "there is no genuine issue as to any material fact and [] the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). Only the Supreme Court or this Court sitting en banc can overrule the decision of a prior panel of this Court. United States v. Marte, 356 F.3d 1336, 1344 (11th Cir. 2004).

Under the Eleventh Amendment, a State is immune from suit in federal court

2

without its consent.  Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 100, 104 S. Ct. 900, 908 (1984).  "Congress may, however, abrogate such immunity in federal court if it makes its intention to abrogate unmistakably clear in the language of the statute and acts pursuant to a valid exercise of its power under § 5 of the Fourteenth Amendment."  Hibbs, 538 U.S. at 726, 123 S. Ct. at 1976.  In Garrett, we held that Congress was without authority to abrogate the sovereign immunity of the states from complaints under the self-care provision of the FMLA. 193 F.3d at 1219.  The Supreme Court, in Hibbs, addressed the authority of Congress to abrogate state sovereign immunity for claims arising under only the family-care provision of the FMLA.  538 U.S. at 725–740, 123 S. Ct. at 1976–1984.  Our holding in Garrett that Congress is without authority to abrogate state sovereign immunity for claims arising under the self-care provision of the FMLA remains the law of this Circuit.  See Marte, 356 F.3d at 1344.

The summary judgment is

**AFFIRMED.**