[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
FEB 27, 2009
THOMAS K. KAHN
CLERK

_____

No. 08-14981
Non-Argument Calendar

_____

D. C. Docket No. 01-00066-CR-3-RV

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JULIUS COLLEY,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

**(February 27, 2009)**

Before TJOFLAT, DUBINA and WILSON, Circuit Judges.

PER CURIAM:

Julius Colley, a federal prisoner convicted of a crack cocaine offense,

appeals the district court's denial of his motion to reduce his sentence of 180 months' imprisonment under 18 U.S.C. § 3582(c)(2), based on Amendment 706 to the Sentencing Guidelines. Colley argues that the district court's order denying him a § 3582(c)(2) sentence reduction is too ambiguous to allow for meaningful appellate review. Specifically, Colley argues that the language of the district court's order could mean the court found that (1) it lacked discretion to reduce his sentence, because Colley was unqualified, or, alternatively, (2) it did have discretion to reduce his sentence, but chose not to do so. Colley notes these two interpretations are subject to different standards of review, and that we cannot meaningfully review the order, because the district court's reasoning is not clear. However, "we may affirm the district court's judgment on any grounds supported in the record," *Koziara v. City of Casselberry*, 392 F.3d 1302, 1306 n.2 (11th Cir. 2004), and we do so here.

"In a proceeding to modify a sentence under 18 U.S.C. § 3582(c)(2), we review *de novo* the district court's legal conclusions regarding the scope of its authority under the Sentencing Guidelines." *United States v. White*, 305 F.3d 1264, 1267 (11th Cir. 2002) (per curiam). Once eligibility under § 3582(c)(2) has been established, we review for abuse of discretion a district court's decision whether to reduce a sentence pursuant to § 3582(c)(2). *United States v. Jones*, 548

2

F.3d 1366, 1368 n.1 (11th Cir. 2008) (per curiam).

Under § 3582(c)(2), a district court has discretion to reduce the term of imprisonment of an already incarcerated defendant if that defendant "has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o)." 18 U.S.C. § 3582(c)(2). The Sentencing Commission's policy statement on retroactive reduction of sentences, U.S. SENTENCING GUIDELINES MANUAL § 1B1.10 (2008), provides that:

> In a case in which a defendant is serving a term of imprisonment, and the guideline range applicable to that defendant has subsequently been lowered as a result of an amendment to the Guidelines Manual listed in subsection (c) below, the court may reduce the defendant's term of imprisonment as provided by 18 U.S.C. 3582(c)(2). As required by 18 U.S.C. 3582(c)(2), any such reduction in the defendant's term of imprisonment shall be consistent with this policy statement.

U.S. SENTENCING GUIDELINES MANUAL § 1B1.10 (a)(1) (2008).

Amendment 706, which reduced by two levels the § 2D1.1(c) offense levels in crack cocaine cases, became effective November 1, 2008, by incorporation into § 1B1.10(c). *See* U.S. SENTENCING GUIDELINES MANUAL app. C, amend. 713 (2008).

We recently addressed the exact issue presented in this case in *United States*

3

*v. Williams*, 549 F.3d 1337 (11th Cir. 2008) (per curiam).  In *Williams*, we rejected

the argument that the statutory mandatory minimum sentence becomes the

"guideline sentence" but leaves the "guideline range" unaffected.  *Id.* at 1341.  We

held that because "the statutorily required minimum sentence effectively displaces

the shorter sentence and becomes the guideline sentence for that individual,"

Amendment 706 does not apply, because "the court's point of departure [for

purposes of applying the § 5K1.1 downward departure] [does] not shift as a result

of the amendment's lowering of the crack offense levels."  *Id.* at 1340.

The facts of this case are almost identical to those of *Williams*.  Like the

petitioner in *Williams*, Colley pled guilty to a crack cocaine offense and received a

statutorily required minimum sentence that was above the guideline range for his

offense because he was a repeat offender.  Colley received a sentence below the

statutory minimum because he had provided substantial assistance to the

government, as did the petitioner in *Williams*.  Both Colley and the petitioner in

*Williams* argued that the statutorily required minimum sentence was the "guideline

sentence" and not the "guideline range" and therefore Amendment 706 reduced the

"guideline range."  As we stated in *Williams*, however, "[f]or those situations in

which the mandatory minimum exceeds the range for the entire offense level, the

'guideline sentence' would thus be the same as the 'guideline range,' even if it

4

involves a 'range' of only one number." *Id.* at 1341.

Because Colley's guideline range was the statutorily required minimum sentence, it was not reduced by Amendment 706, and he was therefore ineligible for a sentence reduction under § 3582(c)(2). Consequently, the district court could not have found that Colley was statutorily qualified but unworthy of a reduction. Thus, regardless of how the district court's order is interpreted, the district court did not err when it denied Colley's motion.

Upon review of the record and the parties' briefs, we discern no reversible error. Accordingly, we affirm.

**AFFIRMED.**