[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 11-14075

_____

D.C. Docket No. 1:10-cv-00025-JRH-WLB

HILLS MCGEE,

Plaintiff - Appellant,

versus

SOLICITOR GENERAL OF RICHMOND COUNTY, GEORGIA,
SENTINEL OFFENDER SERVICES, LLC,

Defendants - Appellees.

_____

Appeal from the United States District Court
for the Southern District of Georgia

_____

(August 28, 2013)

Before TJOFLAT and BLACK, Circuit Judges, and MOTZ,[*] District Judge.

PER CURIAM:

## I.

On October 22, 2008, Hills McGee was arrested by Georgia police and charged with public drunkenness and obstructing a law enforcement officer. He was arraigned in the State Court of Richmond County, Georgia, on October 23, 2008, along with several other individuals who had been arrested. Prior to their arraignment, the arrestees were informed that if they wished the appointment of counsel at State expense, they would have to pay a $50 fee, as required under O.C.G.A. § 15-21A-6(c).[1]  McGee waived his right to the appointment of counsel and entered a plea of "no contest" on both offenses. The court accepted his pleas, sentenced him to consecutive prison sentences of twelve months, suspended the execution of those sentences, placed him on probation for twenty-four months, and fined him $270. A condition of his probation required McGee to pay a $39 monthly probation supervision fee to Sentinel Offender Services, LLC

---

[*] The Honorable J. Frederick Motz, District Judge, United States District Court for the District of Maryland, sitting by designation.

[1] O.C.G.A. § 15-21A-6(c) provides:

> Any person who applies for or receives legal defense services under Chapter 12 of Title 17 shall pay the entity providing such services a single fee of $50.00 for the application for, receipt of, or application for and receipt of such services. The application fee shall not be imposed if the payment of the fee is waived by the court. The court shall waive the fee if it finds that the applicant is unable to pay the fee or that measurable hardship will result if the fee is charged.

("Sentinel"), a private company that contracted with Richmond County to provide supervision of probationers.[2] On January 29, 2009, McGee and the Georgia Probation Office jointly moved the State Court to amend his sentence by converting the $270 fine to forty-one hours of community service. The court granted their motion.

In the summer of 2009, McGee stopped reporting to his probation officer and ceased paying the $39 monthly probation supervision fee. By that time, his fee arrearages totaled $186. Sentinel therefore petitioned the State Court to revoke McGee's probation. On January 13, 2010, the court held a probation revocation hearing. McGee waived his right to counsel by signing a waiver form prior to the hearing. At the hearing, the probation officer established McGee's noncompliance with the conditions of his probation—failure to report to the probation officer and failure to pay the $39 monthly supervision fee. The court found that McGee had violated the terms of his probation as the probation officer alleged, and imposed the following sentence in lieu of the sentence imposed on October 23, 2008: the

---

[2] O.C.G.A. § 42-8-100(g)(1) provides:

> The chief judge of any court within the county, with the approval of the governing authority of that county, is authorized to enter into written contracts with corporations, enterprises, or agencies to provide probation supervision, counseling, collection services for all moneys to be paid by a defendant according to the terms of the sentence imposed on the defendant as well as any moneys which by operation of law are to be paid by the defendant in consequence of the conviction, and other probation services for persons convicted in that court and placed on probation in the county.

court revoked McGee's consecutive twelve-month sentences and the twenty-four month term of probation, and ordered the Sheriff of Richmond County to hold him in custody for two months or until he paid $186 to Sentinel. McGee did not pay the $186 and thus was held in custody.

On January 22, 2010, McGee, represented by counsel, petitioned the Superior Court of Richmond County pursuant to O.C.G.A. § 9-14-1 et seq. for a writ of habeas corpus directing the Sheriff of Richmond County ("Sheriff") to release him from custody. He alleged that he should be released for two reasons. First, the State Court denied his right to counsel when it adjudicated him guilty of public drunkenness and obstructing a law enforcement officer on October 23, 2008, because he lacked the mental competency to waive his right to counsel. Second, he lacked the mental competency to waive his right to counsel when he appeared before the State Court on January 10, 2010, on Sentinel's petition to revoke his probation.

In his habeas petition to the Superior Court, McGee brought two independent claims against Sentinel and the Solicitor General for Richmond County ("Solicitor General"), each based on the Fourteenth Amendment to the United States Constitution and each seeking a judgment declaring a Georgia Statute unconstitutional. The first claim alleged that O.C.G.A. § 15-21A-6(c), the statute requiring a person to pay $50 for the appointment of counsel in a criminal

4

case, deprives an accused indigent the right to counsel. The second claim alleged that O.C.G.A. § 42-8-100(g),[3] the statute permitting a Georgia county to contract with private entities for the provision of probation services, deprives an indigent accused of due process of law.[4]

On January 27, 2010, the Superior Court held a hearing on McGee's petition for habeas corpus relief. After receiving testimony from McGee and his sister, who was familiar with McGee's medical history, on the issue of McGee's competency to waive the right to counsel, the court entered an order granting the petition. It found that "after observing [McGee] and hearing his testimony and after considering that he has schizophrenia and a bi-polar disorder, . . . [McGee] did not have the ability to waive the right to counsel that was afforded to him in writing in the January 13, 2010 order revoking probation and did not have the ability [to] waive his right to counsel on October 23, 2008." Record, no. 1-2, at 41–42. Accordingly, McGee's "continued confinement" would be unlawful. Id. at 43. The court did not address McGee's claims that O.C.G.A. §§ 15-21A-6(c) and 42-8-100(g) were unconstitutional; instead, it stated that it was reserving its ruling

---

[3] The provision that McGee references to as O.C.G.A. § 42-8-100(f) is now codified at O.C.G.A. § 42-8-100(g). See supra note 2. We refer to the statute as it is currently codified.

[4] McGee also alleged that O.C.G.A. § 42-8-100(g) is invalid under an undesignated provision of the Georgia Constitution.

on those claims for a later hearing.  The Sheriff did not appeal the Superior Court's grant of habeas relief and accordingly released McGee from custody.

II.

On February 24, 2010, Sentinel and the Solicitor General removed McGee's claims asserting the constitutional invalidity of O.C.G.A. §§ 15-21A-6(c) and 42-8-100(g) to the United States District Court for the Southern District of Georgia, pursuant to 28 U.S.C. §§ 1367, 1441, and 1446.  See 28 U.S.C. § 1331; Record, no. 1, at 1–2.  McGee responded by moving the District Court to remand the claims to the Superior Court.  The court denied his motion.  Following discovery, Sentinel and McGee filed cross-motions for summary judgment.

The District Court declined to rule on the merits of McGee's constitutional claims, dismissing them instead as moot.  The court concluded that, as a result of the Superior Court's issuance of a writ of habeas corpus vacating McGee's convictions and probation revocation and ordering his release from custody, McGee had received the relief he was seeking.  His dispute with the Sheriff had therefore come to an end.  McGee appeals the District Court's decision.

III.

The pleading McGee filed in the Superior Court of Richmond County to commence this litigation presented two cases.  The first case was a petition for a writ of habeas corpus against the Sheriff.  The second case was a suit against

6

Sentinel and the Solicitor General for a declaratory judgment that O.C.G.A. §§ 15-21A-6(c) and 42-8-100(g) were unconstitutional.  That case presented a live controversy.  It was not moot because the controversy the case presented was not over.

Before the District Court could entertain the merits of the second case, however, it had to address and decide a threshold issue: whether McGee had standing to challenge the validity of the two statutes.  Declaratory relief is by its nature prospective.  "For a plaintiff seeking prospective relief to have standing, he 'must show a sufficient likelihood that he will be affected by the allegedly unlawful conduct in the future.'"  Koziara v. City of Casselberry, 392 F.3d 1302, 1305 (11th Cir. 2004) (quoting Johnson v. Bd. of Regents, 263 F.3d 1234, 1265 (11th Cir. 2001)).  Accordingly, to show that the State Court of Richmond County would invoke § 15-21A-6(c) to deny him counsel as an indigent, he had to establish the likelihood that he would once again be brought before that court to answer a criminal charge; that he would request the appointment of counsel as an indigent; and that the State Court would refuse to appoint counsel notwithstanding that § 15-21A-6(c)  required "[t]he court [to] waive the fee if it finds that the applicant is unable to pay the fee or that measurable hardship will result if the fee is charged."  To show that the State Court would require him to pay the fee contemplated by § 42-8-100(g) even though he is indigent, McGee would have to

7

demonstrate a sufficient likelihood of being convicted in that court and being placed on probation.  Neither of these showings was made.  McGee therefore lacked standing to challenge the two statutes.

Absent standing, the District Court lacked subject matter jurisdiction.  See Bochese v. Town of Ponce Inlet, 405 F.3d 964, 974 (11th Cir. 2005) ("Standing is a doctrine that stems directly from Article III's case or controversy requirement, and thus it implicates our subject matter jurisdiction." (internal quotation marks omitted)).  Typically, where standing is lacking, a court must dismiss the plaintiff's claim without prejudice.  This is not so, however, in the removal context.  As 28 U.S.C. § 1447(c) explains, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." See Int'l Primate Prot. League v. Adm'rs of Tulane Educ. Fund, 500 U.S. 72, 89, 111 S. Ct. 1700, 1710, 114 L. Ed. 2d 134 (1991) ("[T]he literal words of § 1447(c) . . . give no discretion to dismiss rather than remand an action." (internal quotation marks and original alterations omitted)).  The District Court should have remanded the second case to the Superior Court of Richmond County.

We accordingly vacate the District Court's decision dismissing McGee's second case as moot.  The District Court is instructed to enter an order remanding that case to the Superior Court of Richmond County.

SO ORDERED.

8