[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 15-13764
Non-Argument Calendar
_____

D.C. Docket No. 3:15-cv-00030-DHB-BKE

PHILIP KEEN, JR.,
and all other persons similarly situated,

Plaintiff-Appellant.

versus

JUDICIAL ALTERNATIVES OF GEORGIA, INC.,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Georgia
_____

(December 17, 2015)

Before WILSON, WILLIAM PRYOR and ROSENBAUM, Circuit Judges.

PER CURIAM:

Philip Keen Jr., appeals the dismissal of his complaint against Judicial Alternatives of Georgia, Inc. In 2012, Keen was convicted in the State Court of Treutlen County, Georgia, of misdemeanor driving under the influence, sentenced to twelve months of probation, and ordered to pay a $805 fine and service fees incurred for his supervision by Judicial Alternatives, a private company that contracted with the state court to supervise its probationers, *see* Ga. Code Ann. § 42-8-100(g). In 2015, Keen filed a putative class action seeking a judgment declaring section 42-8-100(g) unconstitutional, under the United States and Georgia Constitutions; declaring void the service contract between the state court and Judicial Alternatives; and for compensatory damages for money had and received by Judicial Alternatives. The district court ruled that Keen lacked standing to challenge the statute under the federal Constitution and that his remaining claims failed to state a claim for relief. We affirm the dismissal of Keen's challenge to section 42-8-100(g) on federal constitutional grounds for lack of standing and the dismissal of his claims to invalidate the service contract and for money had and received for failure to state a claim. We vacate that part of the judgment that addressed the merits of Keen's challenge to section 42-8-100(g) under the Georgia Constitution, and we remand for the district court to dismiss that claim for lack of standing.

2

We review *de novo* a dismissal for lack of standing and for failure to state a claim for relief. *See Houston v. Marod Supermarkets, Inc.*, 733 F.3d 1323, 1328 (11th Cir. 2013) (standing); *Miller v. Chase Home Fin., LLC*, 677 F.3d 1113, 1115 (11th Cir. 2012) (failure to state a claim). "[B]ecause the constitutional standing doctrine stems directly from Article III's 'case or controversy' requirement, this issue implicates our subject matter jurisdiction, and accordingly must be addressed as a threshold matter regardless of whether it is raised by the parties." *Nat'l Parks Conservation Ass'n v. Norton*, 324 F.3d 1229, 1242 (11th Cir. 2003) (internal citation omitted).

The district court correctly dismissed for lack of standing Keen's challenge to section 42-8-100(g) under the U.S. Constitution. This issue is controlled by our decision in *McGee v. Solicitor General of Richmond County, Georgia*, 727 F.3d 1322 (11th Cir. 2013), where we dismissed for lack of standing a complaint, like Keen's, for a declaratory judgment that section 42-8-100(g) violated the Fourteenth Amendment of the U.S. Constitution. *Id.* at 1324–25. Like McGee, Keen cannot "demonstrate a sufficient likelihood of being convicted in [the state] court and being placed on probation." *Id.* at 1325.

The district court erred by reaching the merits of Keen's challenge to section 42-8-100(g) under the Georgia Constitution. Keen failed to allege that he faced an actual, imminent injury that would confer standing to challenge the state statute.

3

Keen "show[ed] [no] sufficient likelihood" that he will be convicted in the state court of another misdemeanor offense for which he will receive a sentence of probation and supervised by Judicial Alternatives. *See McGee*, 727 F.3d at 1325. Because the district court lacked jurisdiction to examine the merits of Keen's challenge to section 42-8-100(g), we vacate that portion of the judgment dismissing that claim for failure to state a claim and remand for the district court to dismiss the claim for lack of jurisdiction.

Keen argues that he stated a claim for money had and received because the service contract was invalidated when the county commission, a party to the agreement, failed to reapprove the agreement in compliance with section 36-30-3 of the Georgia Code, but we need not address that argument because Keen fails to challenge an alternative ground on which the district court rejected his argument to invalidate the service contract. The district court ruled that section 36-30-3, which prohibits "[o]ne council . . . [from] bind[ing] itself or its successors so as to prevent free legislation in matters of municipal government," Ga. Code Ann. § 36-30-3, did not invalidate the service contract because the commission was not a party to the contract and, in the alternative, because the provision was inapplicable to a "contract . . . entered into with a local government by virtue of express legislative authority to do so." We will not reverse a "judgment that is based on multiple, independent grounds, [unless] an appellant . . . convinces us that every stated

ground for the judgment against him is incorrect," and Keen has abandoned any challenge that he could have made to the alternative ruling. *See Sapuppo v. Allstate Floridian Ins. Co.*, 739 F.3d 678, 680 (11th Cir. 2014). "[I]t follows that the judgment [dismissing Keen's claim for money had and received as failing to state a claim] is due to be affirmed." *Id.* Keen also argues that the contract was "not properly executed" because it was not "attached to the minutes or resolution of the county commission," but we will not consider a challenge to the lawfulness of the contract that Keen failed to present to the district court, *see Access Now, Inc. v. Sw. Airlines Co.*, 385 F.3d 1324, 1331 (11th Cir. 2004).

We **AFFIRM** the dismissal of Keen's challenge to section 42-8-100(g) under the U.S. Constitution for lack of standing and the dismissal of his claims to invalidate the service contract and for money had and received for failure to state a claim. But we **VACATE** that part of the judgment that addressed the merits of Keen's challenge to section 42-8-100(g) under the Georgia Constitution, and we **REMAND** with instructions for the district court to dismiss that claim for lack of standing.

**AFFIRMED IN PART, VACATED AND REMANDED IN PART.**