[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 17-10782

_____

D.C. Docket No. 8:16-cv-01456-MSS-JSS

ALVIN SEIGER,
by and through his Attorney-In-Fact and Next Friend Marsha Seiger,

Plaintiff - Appellant,

versus

TORRENCE O. PHILIPP,
WEST END PUB, LLC,
a.k.a. West End Pub,

Defendants - Appellees.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(May 24, 2018)

Before TJOFLAT and ROSENBAUM, Circuit Judges, and UNGARO,[*] District Judge.

UNGARO, District Judge:

Plaintiff-Appellant, Alvin Seiger, appeals from an order denying his motion for leave to file a second amended complaint following the dismissal of his first amended complaint with prejudice. For the reasons discussed below, we reverse.

## **Background**

In June, 2016, Plaintiff, Mr. Seiger, a disabled individual, through his wife and next friend, Mrs. Seiger, sued the West End Pub, LLC, and its owner, Torrence Philipp, for violating Title III of the Americans with Disabilities Act ("ADA"). Mr. Seiger requires a wheelchair to ambulate, and he alleged that the Pub was not wheelchair accessible. Mr. Seiger also suffers from dementia, and Mrs. Seiger holds his durable power of attorney.

The district court dismissed Mr. Seiger's initial complaint without prejudice because he failed to allege that he had knowledge of the premises or an intent to return there. Before entering the order of dismissal, the court required Mr. Seiger to answer interrogatories. One of them asked Mr. Seiger to describe the nature of his disability. His wife responded that her husband

---

[*] Honorable Ursula Ungaro, United States District Judge for the Southern District of Florida, sitting by designation.

2

"has a neurological disorder that renders him with physical and mental disabilities . . . . A doctor has rendered him incompetent to handle his legal affairs." Additionally, the Court requested that Mrs. Seiger file documents establishing her legal status as Mr. Seiger's Next Friend. In response, she filed a note from Mr. Seiger's doctor stating that he was "not competent to handle any personal affairs."

The court then held a hearing on the motion to dismiss where Mrs. Seiger testified that she understood the doctor's note to mean that Mr. Seiger was incompetent to handle his legal affairs, but was competent to handle other matters. Mrs. Seiger elaborated, "I wouldn't even [use the] term mentally incompetent. He's—he knows everybody, he knows me, he knows where he is and what he is, he is just forgetful. That's the kind of dementia he has."

After the hearing, the court dismissed the complaint for lack of standing because it did not allege that Mr. Seiger had knowledge of the premises or an intent to return. The court explained that Mrs. Seiger could not aver the personal knowledge and intent of Mr. Seiger even though she holds his durable power of attorney. The court allowed Mr. Seiger to file an amended complaint based on the personal knowledge of Mr. Seiger. But the district court directed that if Mr. Seiger were to file an amended complaint,

3

he would also need to simultaneously file updated answers to the court's interrogatories.

In accordance with the court's directive, Mr. Seiger filed updated answers to the court's interrogatories that were substantially similar to the first responses, but this time, Mr. Seiger signed the responses on his own behalf.  Mr. Seiger also filed an amended complaint.  In the amended complaint, Mr. Seiger alleged that he intended to return to the Pub. But he also alleged that Mrs. Seiger must "undertake all decisions on [his] behalf." The court granted Defendants' motion to dismiss the amended complaint with prejudice, explaining that "[t]he likelihood of Mr. Seiger visiting the Subject Premises is not dependent on Mr. Seiger's own intention, but rather, is wholly dependent on Mrs. Seiger's will."

While the motion to dismiss was pending, Mr. Seiger moved for leave to amend, and he included a proposed second amended complaint.  In it, Mr. Seiger contradicted the first amended complaint and alleged that Mrs. Seiger made "some decisions on [his] behalf, but not all."  The second amended complaint also alleged "[d]espite [Mr. Seiger's] disabilities, on most occasions, he is still able to articulate his views and thoughts, speak fluidly, and formulate/express intent to, *inter alia*, visit an establishment."  In the

4

same order dismissing the amended complaint with prejudice, the court

denied the motion to amend, stating:

> Plaintiff's Motion to File A Second Amended Complaint, (Dkt.
> 34), to allege facts directly contrary to facts alleged twice
> before is DENIED.  Notably, in support of the demand to allow
> Plaintiff to proceed through a Next Friend and Attorney-In-Fact
> in this matter, Plaintiff filed a doctor's note that Plaintiff
> described as 'indicating Alvin Seiger's incompetency' in which
> the doctor expressly states that Plaintiff is 'not competent to
> handle any personal affairs.' (Dkt. 22, Ex 1)

Mr. Seiger now appeals that order.  He does not argue that the district

court erred in dismissing the amended complaint, but only that it abused its

discretion in denying leave to amend.

**Discussion**

We review a district court's denial of a motion to file an amended

complaint for abuse of discretion.  *Green Leaf Nursery v. E.I. DuPont De

Nemours & Co.*, 341 F.3d 1292, 1300 (11th Cir. 2003).  Federal Rule of

Civil Procedure 15 provides that district courts "should freely give leave

when justice so requires."  Fed. R. Civ. P. 15(a)(2).  But the court's

discretion to deny leave is not unfettered.  Rather, the court should consider

factors such as "'undue delay, bad faith or dilatory motive on the part of the

movant, repeated failure to cure deficiencies by amendments previously

allowed, undue prejudice to the opposing party by virtue of allowance of the

5

amendment, and futility of amendment.'" *Equity Lifestyle Properties, Inc. v. Fla. Mowing And Landscape Serv., Inc.*, 556 F.3d 1232, 1241 (11th Cir. 2009) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

Here, the district court did not base its denial of leave to amend on any of these factors. Instead, the district court denied leave to amend for two reasons. First, it found the second amended complaint contradicted the previous two complaints. And second, it pointed to the doctor's note, which stated that Mr. Seiger was incompetent to handle any personal affairs. Neither suffices as a basis for denial of leave to amend.

As to the first, the Federal Rules do not prohibit contradictory pleadings. "As a general matter, an amended pleading supersedes the former pleading; the original pleading is abandoned by the amendment, and is no longer a part of the pleader's averments against his adversary." *Pintado v. Miami-Dade Hous. Agency*, 501 F.3d 1241, 1243 (11th Cir. 2007) (quotation omitted) (alteration accepted).

Here, the proposed second amended complaint did not incorporate by reference the earlier complaints. It would have superseded the previous complaints and rendered null their contradictory allegations. The district court thus abused its discretion by denying leave to amend on the basis that the complaints contradicted each other.

6

As to the second reason—the doctor's note—it does not provide a basis to deny leave to amend where, as here, the district court did not determine that amendment was futile. The court did not, for example, determine, as a factual matter, that Mr. Seiger lacked standing and dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1). Although the court heard evidence about Mr. Seiger's mental capacity, it neither weighed the evidence nor made any findings of fact. Rather, it decided the motion to dismiss under Rule 12(b)(6) and so appears to have concluded that Mr. Seiger lacked standing as a matter of law based solely on the allegations in the amended complaint.

In the second amended complaint, Mr. Seiger alleged that he was able to form the intent to return to the Pub and that he, in fact, intends to return to the Pub. These allegations are sufficient to establish standing. *See, e.g.*, *Houston v. Marod Supermarkets, Inc.*, 733 F.3d 1323, 1336 (11th Cir. 2013) ("a plaintiff seeking an injunction under Title III either must 'have attempted to return' to the non-compliant building or at least 'intend to do so in the future.'") (quoting *Shotz v. Cates*, 256 F.3d 1077, 1081 (11th Cir. 2001)). Therefore, the court abused its discretion in denying leave to file the second amended complaint.

7

For these reasons, we reverse the denial of the motion to amend and remand with instructions to vacate the dismissal with prejudice[1] and grant leave to file the proposed second amended complaint.

**REVERSED AND REMANDED.**

---

[1] Although we necessarily reverse the dismissal to permit leave to amend, we would reverse the dismissal regardless because it was made with prejudice, and dismissals for lack of standing are jurisdictional and thus usually made without prejudice. *McGee v. Solicitor Gen. of Richmond Cty., Ga.*, 727 F.3d 1322, 1326 (11th Cir. 2013) (per curiam) ("Typically, where standing is lacking, a court must dismiss the plaintiff's claim without prejudice.").